NUMBER 13-01-032-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI

___________________________________________________________________


ROGER DALE SMITH , Appellant,


v.


THE STATE OF TEXAS , Appellee.

___________________________________________________________________


On appeal from the 410th District Court

of Montgomery County, Texas.

__________________________________________________________________


O P I N I O N


Before Justices Dorsey, Yañez, and Baird

Opinion by Justice Baird (1)


Appellant was charged by indictment with the offense of murder. Appellant pleaded guilty to the charged offense. The
trial court found appellant guilty and subsequently assessed punishment at forty-five years confinement in the Texas
Department of Criminal Justice--Institutional Division. The sole point of error contends the trial court erred in admitting
into evidence four photographs of the complainant. We will affirm.

The complainant was in an intimate relationship with Denice Savage. After the relationship ended, Savage believed the
complainant was spreading rumors stating the relationship was still viable. Savage recruited appellant to attend a meeting
where she would confront the complainant about the rumors. The two encountered the complainant, and they proceeded to
a park. Once there, the complainant was murdered. Appellant attempted to make the murder appear as if it was committed
during a robbery. To do so, appellant took the complainant's property, and then transported his body ten miles, where it
was abandoned forty to fifty yards from a dirt road. The body was subsequently found and photographed. 

Appellant and Savage were later charged with the murder. Appellant entered into a plea bargain agreement with the State. 
In exchange for appellant's guilty plea, the State agreed to not charge appellant with any other offense(s) arising from this
criminal episode, including but not limited to theft, unauthorized use of a motor vehicle or abuse of a corpse. Following
the preparation of a pre-sentence investigation report, the trial court conducted the sentencing phase of trial. The State
introduced the statements of Savage and appellant into evidence without objection. The State then introduced four
photographs of the complainant's body. These exhibits were admitted over appellant's objection. (2) On appeal, appellant
argues the photographs were more prejudicial than probative. (3)

Under rule 403, relevant evidence is admissible unless "its probative value is substantially outweighed by the danger of
unfair prejudice, confusion of the issues, or misleading to the jury, or by considerations of undue delay, or needless
presentation of cumulative evidence." Tex. R. Evid. 403; Long v. State, 823 S.W.2d 259, 271 (Tex. Crim. App. 1991). 
Rule 403 favors admitting relevant evidence and presumes relevant evidence will be more probative than prejudicial. 
Long, 823 S.W.2d at 271;Mongtomery v. State, 810 S.W.2d 372, 389 (Tex. Crim. App. 1991) (op. on reh'g). The trial court
must evaluate the probative value against the risk that the photographs will have "an undue tendency to suggest decision on
an improper basis, commonly, though not necessarily, an emotional one." Long, 823 S.W.2d at 272 (defining undue
prejudice). Factors in this evaluation include the number of photographs; their gruesomeness, size, and detail; whether the
photographs are black and white or in color; whether the photographs are close-ups; whether the body is naked or clothed;
and the availability of other means of proof and circumstances unique to each individual case. Etheridge v. State, 903
S.W.2d 1, 20 (Tex. Crim. App. 1994); Emery v. State, 881 S.W.2d 702, 710 (Tex. Crim. App.1994). Photographs are
generally admissible when verbal testimony regarding the photographed subject is admissible. Emery, 881 S.W.2d at 710;
Phipps v. State, 904 S.W.2d 955, 958 (Tex. App.-Beaumont 1995, no pet.). Moreover, the fact that the scene depicted in
the photographs is gory and gruesome does not make the photographs more prejudicial than probative when the crime
scene is gory and gruesome. Shavers v. State, 881 S.W.2d 67, 76 (Tex. App.- Dallas 1994, no pet.) (citing Long, 823
S.W.2d at 273). The ultimate question of admissibility is within the trial court's sound discretion. Jones v. State, 843
S.W.2d 487, 501 (Tex. Crim. App. 1992). Reversal, therefore, is necessary only if the trial court's decision to admit the
photographs was "outside the reasonable zone of disagreement." Narvaiz v. State, 840 S.W.2d 415, 429 (Tex. Crim. App.
1992). 

In the instant case, we are dealing with four color photographs. One is 3" by 3;" the others are 8" by 10." The first
photograph shows the back of the complainant's head and neck with a gash that extended through the entire back of the
head. The second photo depicts the body at the scene as it was discovered. The third photograph is a more detailed version
of the first photograph. This photo depicts cut wounds along the back of the neck, and stab wounds to the base of the neck,
back and shoulder. The final photograph depicts the complainant's face and arms. 

We do not consider four photographs to be an excessive number. The photos are gruesome and three are detailed. 
However, this was a gruesome crime, committed by two people intent on concealing their conduct. The complainant's body
was mutilated after being shot twice in the head. The mutilation was apparently to prevent the complainant from being
recognized. Therefore, while the depiction in the photograph is gory and gruesome, the crime scene was gory and
gruesome. Shavers,881 S.W.2d at 76. The photographs are in color, three were close-ups, and the complainant was
clothed. There was no other available means of proof available to establish these wounds as there is no mention of them in
either the statement of Savage or that of appellant. When the factors discussed above are considered in the context of the
instant case, we find the photographs' probative value is not substantially outweighed by their prejudicial effect. Tex. R.
Crim. Evid. 403. Therefore, we hold the trial court did not abuse its discretion in admitting these exhibits. Appellant's sole
point of error is overruled.

 The judgment of the trial court is affirmed.



 ___________________________

 CHARLES F. BAIRD

Justice



Do not publish .

Tex. R. App. P. 47.3.



Opinion delivered and filed

this 25th day of October, 2001.

1. Former Court of Criminal Appeals Judge Charles F. Baird assigned to this Court by the Chief Justice of the Supreme
Court of Texas pursuant to Tex. Gov't Code Ann. § 74.003 (Vernon 1998).

2. Initially, the State argues the objection was not sufficient to preserve this issue for our review. We disagree. From our
reading of the record, we find appellant informed the trial judge of what he wanted, why he thought himself entitled to it,
and did so clearly enough for the judge to understand him at a time when the trial court was in a proper position to do
something about it. Lankston v. State, 827 S.W.2d 907, 909 (Tex. Crim. App. 1992).

3. To a limited extent, appellant also argues the photographs were admitted in violation of his plea bargain agreement with
the State. This argument was also advanced in the trial court. But on appeal, appellant has cited no authority in support of
this argument. Therefore, it is inadequately briefed. Sanders v. State, 963 S.W.2d 184, 191 (Tex. App.-Corpus Christi
1998, pet. ref'd); Tex. R. App. P. 38.1(h). Moreover, there is no showing the plea agreement was breached because
appellant was not "charged" with any offense other than murder.