NUMBER 13-02-346-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI – EDINBURG 
                                                                                                     
 
JESUS MENDEZ, III, 
                                                                                     Appellant,

v.
 
THE STATE OF TEXAS,                                                     Appellee. 
                                                                                                     

On appeal from the 24th District Court of Victoria County, Texas.
                                                                                                     


                                 O P I N I O N

Before Justices Castillo, Garza, and Baird



Opinion by Justice Baird
         
         Appellant was charged by indictment with the offense of murder. A jury convicted
appellant of the charged offense and assessed punishment at confinement for life in the
Texas Department of Criminal Justice–Institutional Division and imposed a fine of
$10,000.00. We affirm.
I. Autopsy Photographs.
          Appellant’s first point of error contends the trial court erred in admitting six autopsy
photographs of the decedent. The State offered these photographs during the testimony
of Dr. Roberto Bayardo, the chief medical examiner of Travis County. These exhibits were
admitted over appellant’s objections that the photographs were prejudicial, that their
prejudice outweighed their probative value, and that the purpose of the exhibits was to
inflame the jury. The trial judge reviewed the exhibits, overruled the objections, and
admitted the exhibits. Appellant advances the same arguments on appeal.
          Under rule 403, relevant evidence is admissible unless "its probative value is
substantially outweighed by the danger of unfair prejudice, confusion of the issues, or
misleading to the jury, or by considerations of undue delay, or needless presentation of
cumulative evidence." Tex. R. Evid. 403; see Long v. State, 823 S.W.2d 259, 271 (Tex.
Crim. App. 1991). Rule 403 favors admitting relevant evidence and presumes relevant
evidence will be more probative than prejudicial. Long, 823 S.W.2d at 271; Montgomery
v. State, 810 S.W.2d 372, 389 (Tex. Crim. App. 1991) (op. on reh'g). The trial court must
evaluate the probative value against the risk that the photographs will have "an undue
tendency to suggest decision on an improper basis, commonly, though not necessarily, an
emotional one." Long, 823 S.W.2d at 272 (defining undue prejudice). Factors in this
evaluation include the number of photographs; their gruesomeness, size, and detail;
whether the photographs are black and white or in color; whether the photographs are
close-ups; whether the body is naked or clothed; and the availability of other means of
proof and circumstances unique to each individual case. Etheridge v. State, 903 S.W.2d
1, 21 (Tex. Crim. App. 1994); Emery v. State, 881 S.W.2d 702, 710 (Tex. Crim. App.1994). 
Photographs are generally admissible when verbal testimony regarding the photographed
subject is admissible. Emery, 881 S.W.2d at 710; Phipps v. State, 904 S.W.2d 955, 958
(Tex. App.–Beaumont 1995, no pet.). Moreover, the fact that the scene depicted in the
photographs is gory and gruesome does not make the photographs more prejudicial than
probative when the crime scene is gory and gruesome. Shavers v. State, 881 S.W.2d 67,
77 (Tex. App.– Dallas 1994, no pet.) (citing Long, 823 S.W.2d at 273). The ultimate
question of admissibility is within the trial court's sound discretion. Jones v. State, 843
S.W.2d 487, 501 (Tex. Crim. App. 1992), overruled on other grounds, Maxwell v. State,
41 S.W.3d 196 (Tex. Crim. App. 2001). Reversal, therefore, is necessary only if the trial
court's decision to admit the photographs constitutes an abuse of discretion, which is to
say the decision was "outside the reasonable zone of disagreement." Narvaiz v. State, 840
S.W.2d 415, 429 (Tex. Crim. App. 1992).
          In the instant case, we consider six photographs that are eight inches by ten inches
in size. We first address State’s Exhibits 43, 44, 45 and 50. These photographs were
taken after the body had been washed and cleaned, and depict: (1) a superficial wound
to the decedent’s abdomen; (2) a superficial cut on the decedent’s chest and a very
superficial scratch on the decedent’s chest; (3) a cut on the decedent’s forehead; and (4)
two cuts to the decedent’s scalp, respectively. We have reviewed these photographs and
agree with the trial judge’s implicit findings that they are not gruesome; the injuries depicted
are non-fatal, and at least half are superficial. Therefore, we hold the trial court did not
abuse its discretion in admitting these four exhibits.
          We next consider State’s Exhibit 39, which depicts a stab wound to the neck and
a superficial cut to the left shoulder. This photograph was taken before the decedent’s
body had been washed and cleaned. State’s Exhibit 49 is a close-up photograph of the
stab wound to the neck. In this photograph, Bayardo is depicted pinching the skin “to
demonstrate the shape of the wound that reflects the exact shape of the knife.” The exhibit
also shows a ruler “to demonstrate the length of the wound.” The ruler reveals that the
injury is approximately one inch in length. Although these exhibits reflect a fatal wound,
we do not find them particularly gruesome. Moreover, the indictment alleged the offense
of murder in four separate paragraphs; each paragraph alleged the cause of death was “by
stabbing and cutting the decedent with a knife.” Exhibits 39 and 49 were relevant in
proving that allegation. The number of photographs used to prove this allegation was
minimal. While the photographs are in color, they are not particularly gruesome. Their size
is not over powering and does not distort the wound. Instead, these photographs provide
clarity and detail. Further, since the photographs depict only the injuries to the neck, the
fact that the decedent was naked is immaterial to our analysis. Therefore, we hold the trial
court did not abuse its discretion in admitting these exhibits.
          In conclusion, we hold that six photographs are not an excessive number and, when
considered in the context of the instant case, we find the probative value of these exhibits
is not substantially outweighed by their prejudicial effect. See Tex. R. Evid. 403. 
Consequently, the first point of error is overruled.
 
 
II. The Jury Charge.
          The second point of error contends the trial court erred in refusing to specifically
charge the jury on the law of parties. At the charge conference, appellant objected to “the
application paragraph on the law of parties [because] it’s not specific enough as far as
alleging what [appellant] did to aid or attempt to aid Philip Garcia.” In response to this
objection, the State offered the following language to supplement the application
paragraph: 
[T]he State does have proposed language it would ask the Court to include
in that particular paragraph and that would be that, ‘the defendant,
[appellant], did then and there, with intent to promote or assist the
commission of said offense, aid or attempt to aid Phillip Garcia by striking the
said [decedent] with a telephone receiver,’ or, ‘by acting as a lookout for the
said Phillip Garcia.’ or, ‘providing a knife to the said Phillip Garcia,’ or,
informing the said Phillip Garcia of the presence of law enforcement,’ or,
looking for the said [decedent] inside The Ice House Bar.’

Appellant objected to each of these proposed additions to the charge as not being raised
by the evidence. The trial court overruled appellant’s objection(s) and authorized the jury
to convict appellant either as a principal or a party by submitting the following application
paragraphs:
Now if you find from the evidence beyond a reasonable doubt that on
or about the 14th day of February, 2001, in Victoria County, Texas, [appellant]
did intentionally or knowingly cause the death of an individual [decedent] by
stabbing him with a knife: or did then and there, with intent to cause serious
bodily injury to an individual, namely, [decedent], commit an act clearly
dangerous to human life, to-wit, by stabbing [decedent] with a knife, that
caused the death of said [decedent]; or
 
If you find from the evidence beyond a reasonable doubt: that on or
about the 14th day of February, 2001, in Victoria County, Texas, Phillip
Garcia did intentionally or knowingly cause the death of an individual
[decedent] by stabbing him with a knife, or did then and there, with intent to
cause serious bodily injury to an individual, namely, [decedent] commit an
act clearly dangerous to human life, to-wit, by stabbing [decedent] with a
knife, that caused the death of said [decedent]; and [appellant] did then and
there, with intent to promote or assist the commission of said offense, aid or
attempt to aid Phillip Garcia by participating in the attack upon [decedent],
then you will find the defendant guilty of the offense of murder as alleged in
the indictment.
 
Unless you so find beyond a reasonable doubt, or if you have a
reasonable doubt thereof, you will find the defendant not guilty.

(Emphasis added). Appellant re-urged this complaint in his motion for new trial. At the
argument on that motion, defense counsel forthrightly acknowledged that the case of
Cunningham v. State, 848 S.W.2d 898 (Tex. App.–Corpus Christi 1993, pet. ref'd), seemed
to contradict his argument. 
          In Cunningham, the parties’ application paragraph provided that the defendant "did
direct, aid or attempt to aid Charles Poff." Id. at 906. Relying on Johnson v. State, 739
S.W.2d 299, 305 n. 4 (Tex. Crim. App.1987), this Court held there is no requirement that
the parties’ application paragraph contain the evidentiary basis for the specific conduct that
supports the submission of the parties issue. Id. We find the instant case is controlled by
Cunningham. Consequently, we hold the language italicized above is sufficient to instruct
the jury on the specific conduct by which appellant could be convicted as a party to the
instant offense. The second point of error is overruled.



III. Evidence of the “Mexican Mafia.”
          The third point of error contends the trial court erred in admitting State’s Exhibit 101,
a federal information charging Fortunado Gomez with the offense of racketeering. The
exhibit was admitted at trial over appellant’s hearsay objection. On appeal, appellant
argues the exhibit should have been excluded under Rule 404(b) of the Texas Rules of
Evidence. The argument on appeal does not comport with the objection raised at trial. To
preserve an issue for appellate review, the argument on appeal must comport with the
objection raised at trial. Santellan v. State, 939 S.W.2d 155, 171 (Tex. Crim. App. 1997). 
Because the argument advanced in this point of error does not comport with the specific
objection at trial, nothing is presented for our review. Doyle v. State, 24 S.W.3d 598, 602
(Tex. App.–Corpus Christi 2000, pet. ref'd); Jones v. State, 644 S.W.2d 530, 532 (Tex.
App.–Corpus Christi 1982, no pet.). Accordingly, the third point of error is overruled.
          The judgment of the trial court is affirmed.
                                                                                      ________________________
                                                                                      CHARLES F. BAIRD,
                                                                                      Justice

Do not publish.
Tex. R. App. P. 47.2(b)
Opinion delivered and filed
this 4th day of March, 2004.