**Monnie CAIN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 63935.**

Court of Criminal Appeals of Texas, En Banc.

March 21, 1984.

Russell C. Busby, Austin, for appellant.

Tom Curtis, Dist. Atty., and Steve Schiwetz, Asst. Dist. Atty., Amarillo, Robert Huttash, State's Atty., Austin, for the State.

## OPINION

ONION, Presiding Judge.

Appellant was indicted for murder. The jury convicted him of the lesser included offense of voluntary manslaughter and assessed his punishment at 10 years' imprisonment.

Among the grounds of error are a challenge to the sufficiency of the evidence to sustain the conviction, and a contention that the court erred in refusing to permit him to reopen the testimony at the guilt stage of the trial after both sides "closed."

Appellant Cain and Sharon Moore lived together at the time of the offense. Their relationship had sometimes been a stormy affair involving some violent confrontations. On the night before the incident, appellant came home and began to argue with Moore because of her drinking. She claimed he slapped her, kicked her in the stomach and on her leg.

On March 2, 1979, Moore showed the deceased, Clyde Burch, her first cousin, bruises inflicted upon her by the appellant. This was at the home of Jeremy Pierce,

who was married to another of Moore's cousins. Testimony revealed the deceased became angry with the appellant over his treatment of Moore.

About 5:15 p.m. appellant arrived home from work. Moore was not there. While showering, he heard loud knocking at the front door. The deceased Burch and Pierce were there. He told them to wait outside while he rinsed off. He put his work clothes back on and then discovered that Burch and Pierce had entered his house and were in the living room. Burch hit the appellant in the mouth, knocking him into the bedroom. Appellant picked up a bayonet and chased both men out of his house. Pierce stated appellant came out on the porch "inviting a fight." Pierce realized by this time that the deceased had come to appellant's house to fight. Appellant stated he returned to the house and discarded the bayonet. He had no telephone so he decided to leave, but when he did, he observed that the two men had parked a pickup between him and his car. Pierce testified that when appellant emerged he gestured he had no knife. It was agreed Pierce asserted that Burch would fight appellant and Pierce would remain out of the conflict. Appellant and Burch began to fight with their fists and soon Burch had the upper hand after Pierce had yelled for Burch to grab appellant by his hair. Pierce related that as Burch repeatedly hit the appellant he saw the appellant reach in his pants pocket and pull out a knife and stab the deceased. Pierce rushed to take the knife from the appellant, then the deceased got off the appellant, walked a few feet and fell. Appellant related that the knife was in his work clothes, that the knife had dropped out during the fight, and he saw it on the ground, and that he and the deceased struggled over it. He did not recall stabbing the deceased, but he must have.

After the deceased fell, appellant re-entered the house and left by a back exit. He was badly beaten and remained in hiding for several days until arrested.

The court charged on murder, voluntary manslaughter, involuntary manslaughter, criminally negligent homicide, aggravated assault, and submitted defenses of self-defense and accident.

We first consider appellant's contention that the court reversibly erred in refusing to allow him to reopen to present further cross-examination of Sharon Moore.

Moore was originally called by the State. She related her confrontation with the appellant on March 1st, and the reporting of her injuries to the deceased the next day. On cross-examination she related "an occasion" where she and the appellant had an argument at a "local night spot" and she had gone home, and when he arrived, she cut through the screen with a butcher knife when he was standing outside of the apartment.

Subsequently, the defense called Moore. Whether it was for further cross-examination or as a defense witness is not made clear. Appellant attempted to show she had threatened him with violence by her family. She denied this.

Still later, the State re-called Moore as a rebuttal witness and established that on a prior occasion appellant had threatened Moore with a sword. There was no cross-examination. Both sides then "closed" and immediately thereafter and prior to jury argument the appellant asked to perfect a bill of exception, though there had been no adverse rulings excluding any evidence. Out of the jury's presence appellant elicited from Moore for the purpose of the bill that on the occasion in question she had first threatened appellant with a knife and that he had picked up the sword in order to force her to lay down the knife. Appellant then asked to reopen and present the testimony to the jury. The court agreed. The State, however, objected repeatedly, stating the appellant could have cross-examined Moore before closing, etc. The court relented and changed its ruling, refusing to permit appellant to reopen.

Article 36.02, V.A.C.C.P., provides:

"The court shall allow testimony to be introduced at any time before the argument of a cause is concluded, if it ap-

pears that it is necessary to a due administration of justice."

The decision to reopen a case is left to the sound discretion of the trial judge, *Perry v. State,* 464 S.W.2d 660 (Tex.Cr.App.1971); *Davis v. State,* 463 S.W.2d 434 (Tex.Cr.App.1971), but this discretion is not unlimited. *Vital v. State,* 523 S.W.2d 662 (Tex.Cr.App.1975); *Holifield v. State,* 599 S.W.2d 836 (Tex.Cr.App.1980).

In *Vital v. State,* supra, this court stated:

"But irrespective of its weight, or of its probative value or cumulative character or the issue upon which it is offered * * * if the evidence was admissible and offered before the reading of the charge and prior to arguments, unless it appears its introduction would have impeded the trial or interfered with the due and orderly administration of justice, it will be reversible error to refuse the request to reopen for its receipt." See also *Holifield v. State,* supra; *Scott v. State,* 597 S.W.2d 755 (Tex.Cr.App.1979).

 In the instant case the State felt it important to recall Moore as a rebuttal witness to show that appellant had engaged in an act of threatening violence with a sword on a prior occasion. While it is not understandable why appellant simply did not cross-examine Moore, the court should have permitted appellant to reopen to show the circumstances surrounding the use of the sword in light of the issue of self-defense and other issues. The motion to reopen was made immediately after the witness testified and was available, and was made prior to the reading of the charge to the jury. The trial court abused its discretion in refusing to permit the appellant to reopen.

Although the judgment of the trial court must be reversed, we must also consider the issue of the sufficiency of the evidence to sustain the conviction. See *Burks v. United States,* 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978); *Greene v. Massey,* 437 U.S. 19, 98 S.Ct. 2151, 57 L.Ed.2d 15 (1978).

We need not reiterate the evidence. Viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime of voluntary manslaughter beyond a reasonable doubt. See *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).

The judgment is reversed and the cause is remanded.

W.C. DAVIS, J., dissents.