# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-02-00554-CR

**Daniel Paul Campbell, Appellant**

**v.**

**The State of Texas, Appellee**

## FROM THE COUNTY COURT AT LAW NO. 4 OF TRAVIS COUNTY
## NO. 614114, HONORABLE MIKE DENTON, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

A jury found appellant Daniel Paul Campbell guilty of assault with a finding of family violence.  Tex. Pen. Code Ann. ' 22.01(a)(1) (West Supp. 2003).  Appellant now contends that the admission of statements made by the victim, offered by the State without a showing of unavailability, violated his right to confrontation under both the Federal and Texas Constitutions.  *See* U.S. Const. amend VI; Tex. Const. art. I, ' 10.  We will affirm.

## BACKGROUND

On the night of June 8, 2002, Austin Police Officer Anthony Bigongiari was working security at Highland Mall. At approximately 8:48 p.m., he was approached by the victim. She was crying and had a bruise the size of a baseball on her right arm. She told Bigongiari that she and her husband had just engaged in a Aphysical fight.@ Appellant then arrived and identified himself as her husband. Because appellant was behaving Aerratically,@ Bigongiari placed him in handcuffs and escorted him to the mall security office. As soon as Bigongiari handcuffed appellant, the victim recanted, denying that she and her husband had engaged in a physical altercation. She told Bigongiari she did not want her husband to go to jail and that Ashe did not have a way to get home.@ After conducting a routine investigation, Bigongiari arrested appellant for assaulting his wife.

The State subpoenaed the victim to testify at appellant=s trial, but she did not appear at the guilt/innocence phase of the proceedings. The State, as a result, called Bigongiari to testify as to what the victim told him when she approached him on the evening of appellant=s arrest. First, the State asked Bigongiari what the victim said when she first approached him. Bigongiari answered that the victim told him she and her husband had been in a fight. After Bigongiari answered, appellant objected on hearsay grounds. The judge overruled the objection as untimely. Nonetheless, the State proceeded to lay the proper foundation for the admission of the statement under the Aexcited utterance@ exception. Later in their questioning of Bigongiari, the State again elicited from him the victim=s statement that she and her husband engaged in a physical altercation. This time, however, appellant timely objected as follows:

**2**

hearsay . . . and further . . . on the grounds that being denied my Constitutional Rights under both the Texas and U.S. Constitution, the right of confrontation.  If this is admissible as direct evidence I still have the right to cross examine which is being denied to me today.

The trial court overruled the objection, and Bigongiari once again stated that the victim told him she and her husband had been in a fight.  After the conclusion of the guilt/innocence phase of trial, while the jury was deliberating, the victim arrived.  Appellant requested that she be permitted to testify.[1]  Before the trial court ruled on the issue, the jury returned a guilty verdict.

## DISCUSSION

A party must raise a proper objection to preserve an error in the admission of evidence.  A proper objection is both timely and sufficiently specific.  *See* Tex. R. Evid. 103; Tex. R. App. P. 31(a).  To

---

[1]  Although it is unclear from the record, appellant apparently attempted to reopen evidence after the close of argument in order to permit the victim to testify.  *See* Tex. Crim. Proc. Code Ann. ' 36.02 (West 1981).  A trial court is required to reopen the evidence after the close of argument if: (1) a witness is present and ready to testify; (2) the request to reopen is made before the charge is read to the jury and final arguments are made; (3) the judge has some indication of what the testimony will be and is convinced it will be material; and (4) there is no showing that the introduction of evidence would impede the trial or interfere with the orderly administration of justice.  *Scott v. State*, 597 S.W.2d 755, 757-58 (Tex. Crim. App. 1979).  The decision to reopen is left to the trial court=s sound discretion.  *Cain v. State*, 666 S.W.2d 109, 111 (Tex. Crim. App. 1984).

be timely, an objection should be made as soon as the grounds therefor become apparent. *Dinkins v. State*, 894 S.W.2d 330, 335 (Tex. Crim. App. 1995). If a party fails to object until a question has been asked and answered, and can show no specific reason to justify the delay, the objection is untimely and waived. *Lagrone v. State*, 942 S.W.2d 602, 618 (Tex. Crim. App. 1997). A constitutional objection must be sufficiently specific to put the court and the opposing party on notice as to how to cure the objection: merely referencing sections of the Constitution is insufficient. *See Burks v. State*, 876 S.W.2d 877, 903 (Tex. Crim. App. 1994) (objection on the basis of AFourth, Fifth, Sixth, and Fourteenth Amendments of the U.S. Constitution, [and] to Article One, Sections Nine, Ten, Thirteen, and Nineteen of Texas Constitution@ insufficient). If a party fails to object properly each time the evidence is introduced, then the party waives its objection to the admission of evidence and any error is cured. *Hudson v. State*, 675 S.W.2d 507, 511 (Tex. Crim. App. 1984); *see also Lichtenwalter v. State*, 554 S.W.2d 693, 694 (Tex. Crim. App. 1977) (improper admission of evidence cured if same facts proved elsewhere and not objected to).

In the present case, appellant failed to timely object the first time the evidence was introduced. Appellant only objected after Bigongiari answered the question. Appellant=s objection was untimely and improper. As a result of his failure to properly object each time the evidence was admitted, appellant failed to preserve any error.

Nevertheless, because it addresses a constitutional right, we will address appellant=s substantive claim. Appellant contends the trial court violated his rights to confrontation and cross examination under the federal and Texas Constitutions by admitting hearsay testimony under the Aexcited

**4**

utterances@exception without a showing of unavailability. *See* U.S. Const. amend. VI; Tex. Const. art. I, ' 10; Tex. R. Evid. 803(2).

The rules of evidence recognize exceptions to the general inadmissibility of hearsay evidence. *See* Tex. R. Evid. 803 (listing hearsay exceptions). These exceptions fall into two categories: hearsay that is admissible only if the declarant is unavailable, and hearsay that is admissible regardless of the availability of the declarant. *See id.* (listing hearsay exceptions to which the availability of the declarant is immaterial); 804 (listing hearsay exceptions requiring a showing of declarant=s unavailability). The Texas Court of Criminal Appeals has ruled that the provisions permitting the admission of excited utterances without a showing of the declarant=s unavailability is constitutionally permissible. *See Dewberry v. State*, 4 S.W.3d 735, 752 (Tex. Crim. App. 1999) (spontaneous statements admissible regardless of availability of declarant); *see also White v. Illinois*, 502 U.S. 346, 355-56 (1992) (federal hearsay exception, which does not require showing of unavailability, is constitutional). The State appropriately introduced the victim=s statements under the Aexcited utterance@hearsay exception.[2] Because excited utterance hearsay evidence may constitutionally be introduced without a showing of unavailability, appellant=s challenge fails.

---

[2] For hearsay to be admitted under the Aexcited utterance@exception, the proponent must predicate the statement by showing that the declarant: (1) experienced a startling or exciting event; (2) was still in the startled or excited state caused by that event; and (3) the hearsay statement sought to be admitted relates to or describes the startling or exciting event. Tex. R. Evid. 803(2). In the current case, the State predicated the evidence with Bigongiari=s testimony that the victim: (1) had been through a startling event; (2) was still startled; and (3) clearly wanted to relate to him what had caused her to be startled.

**CONCLUSION**

Even had appellant properly preserved his objection, the evidence was admissible under the

Aexcited utterance@ exception without a showing of unavailability.  We affirm the judgment of the trial court.

Mack Kidd, Justice

Before Justices Kidd, Patterson and Puryear

Affirmed

Filed:   May 15, 2003

Do Not Publish