TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-02-00554-CR






Daniel Paul Campbell, Appellant


v.


The State of Texas, Appellee







FROM THE COUNTY COURT AT LAW NO. 4 OF TRAVIS COUNTY

NO. 614114, HONORABLE MIKE DENTON, JUDGE PRESIDING





M E M O R A N D U M O P I N I O N




 A jury found appellant Daniel Paul Campbell guilty of assault with a finding of family
violence. Tex. Pen. Code Ann. § 22.01(a)(1) (West Supp. 2003). Appellant now contends that the
admission of statements made by the victim, offered by the State without a showing of unavailability,
violated his right to confrontation under both the Federal and Texas Constitutions. See U.S. Const.
amend VI; Tex. Const. art. I, § 10. We will affirm.


BACKGROUND

 On the night of June 8, 2002, Austin Police Officer Anthony Bigongiari was working
security at Highland Mall. At approximately 8:48 p.m., he was approached by the victim. She was
crying and had a bruise the size of a baseball on her right arm. She told Bigongiari that she and her
husband had just engaged in a "physical fight." Appellant then arrived and identified himself as her
husband. Because appellant was behaving "erratically," Bigongiari placed him in handcuffs and
escorted him to the mall security office. As soon as Bigongiari handcuffed appellant, the victim
recanted, denying that she and her husband had engaged in a physical altercation. She told
Bigongiari she did not want her husband to go to jail and that "she did not have a way to get home." 
After conducting a routine investigation, Bigongiari arrested appellant for assaulting his wife.

 The State subpoenaed the victim to testify at appellant's trial, but she did not appear
at the guilt/innocence phase of the proceedings. The State, as a result, called Bigongiari to testify
as to what the victim told him when she approached him on the evening of appellant's arrest. First,
the State asked Bigongiari what the victim said when she first approached him. Bigongiari answered
that the victim told him she and her husband had been in a fight. After Bigongiari answered,
appellant objected on hearsay grounds. The judge overruled the objection as untimely. Nonetheless,
the State proceeded to lay the proper foundation for the admission of the statement under the
"excited utterance" exception. Later in their questioning of Bigongiari, the State again elicited from
him the victim's statement that she and her husband engaged in a physical altercation. This time,
however, appellant timely objected as follows:


hearsay . . . and further . . . on the grounds that being denied my Constitutional Rights
under both the Texas and U.S. Constitution, the right of confrontation. If this is
admissible as direct evidence I still have the right to cross examine which is being
denied to me today.



The trial court overruled the objection, and Bigongiari once again stated that the victim told him she
and her husband had been in a fight. After the conclusion of the guilt/innocence phase of trial, while
the jury was deliberating, the victim arrived. Appellant requested that she be permitted to testify. (1) 
Before the trial court ruled on the issue, the jury returned a guilty verdict.


DISCUSSION


 A party must raise a proper objection to preserve an error in the admission of
evidence. A proper objection is both timely and sufficiently specific. See Tex. R. Evid. 103; Tex.
R. App. P. 31(a). To be timely, an objection should be made as soon as the grounds therefor become
apparent. Dinkins v. State, 894 S.W.2d 330, 335 (Tex. Crim. App. 1995). If a party fails to object
until a question has been asked and answered, and can show no specific reason to justify the delay,
the objection is untimely and waived. Lagrone v. State, 942 S.W.2d 602, 618 (Tex. Crim. App.
1997). A constitutional objection must be sufficiently specific to put the court and the opposing
party on notice as to how to cure the objection: merely referencing sections of the Constitution is
insufficient. See Burks v. State, 876 S.W.2d 877, 903 (Tex. Crim. App. 1994) (objection on the basis
of "Fourth, Fifth, Sixth, and Fourteenth Amendments of the U.S. Constitution, [and] to Article One,
Sections Nine, Ten, Thirteen, and Nineteen of Texas Constitution" insufficient). If a party fails to
object properly each time the evidence is introduced, then the party waives its objection to the
admission of evidence and any error is cured. Hudson v. State, 675 S.W.2d 507, 511 (Tex. Crim.
App. 1984); see also Lichtenwalter v. State, 554 S.W.2d 693, 694 (Tex. Crim. App. 1977) (improper
admission of evidence cured if same facts proved elsewhere and not objected to).

 In the present case, appellant failed to timely object the first time the evidence was
introduced. Appellant only objected after Bigongiari answered the question. Appellant's objection
was untimely and improper. As a result of his failure to properly object each time the evidence was
admitted, appellant failed to preserve any error.

 Nevertheless, because it addresses a constitutional right, we will address appellant's
substantive claim. Appellant contends the trial court violated his rights to confrontation and cross
examination under the federal and Texas Constitutions by admitting hearsay testimony under the
"excited utterances" exception without a showing of unavailability. See U.S. Const. amend. VI; Tex.
Const. art. I, § 10; Tex. R. Evid. 803(2).

 The rules of evidence recognize exceptions to the general inadmissibility of hearsay
evidence. See Tex. R. Evid. 803 (listing hearsay exceptions). These exceptions fall into two
categories: hearsay that is admissible only if the declarant is unavailable, and hearsay that is
admissible regardless of the availability of the declarant. See id. (listing hearsay exceptions to which
the availability of the declarant is immaterial); 804 (listing hearsay exceptions requiring a showing
of declarant's unavailability). The Texas Court of Criminal Appeals has ruled that the provisions
permitting the admission of excited utterances without a showing of the declarant's unavailability
is constitutionally permissible. See Dewberry v. State, 4 S.W.3d 735, 752 (Tex. Crim. App. 1999)
(spontaneous statements admissible regardless of availability of declarant); see also White v. Illinois,
502 U.S. 346, 355-56 (1992) (federal hearsay exception, which does not require showing of
unavailability, is constitutional). The State appropriately introduced the victim's statements under
the "excited utterance" hearsay exception. (2) Because excited utterance hearsay evidence may
constitutionally be introduced without a showing of unavailability, appellant's challenge fails.


CONCLUSION


 Even had appellant properly preserved his objection, the evidence was admissible
under the "excited utterance" exception without a showing of unavailability. We affirm the
judgment of the trial court.



 

 Mack Kidd, Justice

Before Justices Kidd, Patterson and Puryear

Affirmed

Filed: May 15, 2003

Do Not Publish
1. Although it is unclear from the record, appellant apparently attempted to reopen evidence
after the close of argument in order to permit the victim to testify. See Tex. Crim. Proc. Code Ann.
§ 36.02 (West 1981). A trial court is required to reopen the evidence after the close of argument if:
(1) a witness is present and ready to testify; (2) the request to reopen is made before the charge is
read to the jury and final arguments are made; (3) the judge has some indication of what the
testimony will be and is convinced it will be material; and (4) there is no showing that the
introduction of evidence would impede the trial or interfere with the orderly administration of
justice. Scott v. State, 597 S.W.2d 755, 757-58 (Tex. Crim. App. 1979). The decision to reopen is
left to the trial court's sound discretion. Cain v. State, 666 S.W.2d 109, 111 (Tex. Crim. App. 1984). 
2. For hearsay to be admitted under the "excited utterance" exception, the proponent must
predicate the statement by showing that the declarant: (1) experienced a startling or exciting event;
(2) was still in the startled or excited state caused by that event; and (3) the hearsay statement sought
to be admitted relates to or describes the startling or exciting event. Tex. R. Evid. 803(2). In the
current case, the State predicated the evidence with Bigongiari's testimony that the victim: (1) had
been through a startling event; (2) was still startled; and (3) clearly wanted to relate to him what had
caused her to be startled.