

## NUMBER 13-05-00668-CR

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI - EDINBURG

---

**AUDREY ROCHELLE LINTON,**

Appellant,

**v.**

**THE STATE OF TEXAS,**

Appellee.

---

### On appeal from the County Court at Law No. 4
### of Montgomery County, Texas.

---

## MEMORANDUM OPINION ON REMAND

**Before Chief Justice Valdez and Justices Benavides and Vela**
**Memorandum Opinion on Remand by Chief Justice Valdez**

A jury convicted appellant, Audrey Rochelle Linton, of the offense of driving while

intoxicated. *See* TEX. PENAL CODE ANN. § 49.04 (Vernon 2003). The trial court sentenced

Linton to 180 days in jail, fined her $500, and assessed court costs. After pronouncing

punishment, the trial court suspended Linton's sentence and placed her on community

supervision for eighteen months. On direct appeal, Linton raised three issues, claiming

that: (1) her first trial attorney provided ineffective assistance of counsel; (2) the trial court erred by denying an evidentiary hearing on her amended motion to suppress evidence; and (3) she was linguistically incompetent to stand trial. We sustained Linton's third issue, reversed the trial court's judgment, and remanded the case. *See Linton v. State*, 246 S.W.3d 698, 704 (Tex. App.–Corpus Christi 2007), *rev'd*, 275 S.W.3d 493, 509 (Tex. Crim. App. 2009). On a petition for discretionary review by the State, the Texas Court of Criminal Appeals overruled Linton's third issue and remanded the case for consideration of Linton's first and second issues. We affirm.

## I. INEFFECTIVE ASSISTANCE OF COUNSEL[1]

In her first issue, Linton contends that her first trial counsel provided ineffective assistance at the first suppression hearing because he: (1) did not speak to her through a sign-language interpreter before hand; (2) called her as a "cold turkey" witness to testify that she did not understand the arresting officer, the DIC-24 warnings, or the *Miranda* warnings; (3) did not obtain her school and medical records to corroborate her assertion that she could not comprehend the officer and warnings; (4) did not request the appointment of an expert to evaluate her deficiency; (5) did not contest the reliability and administration of the field sobriety tests; and (6) did not request a qualified interpreter to sit at counsel's table and communicate between the two during the hearing.

## A. Applicable Law

Although the constitutional right to counsel ensures the right to reasonably effective counsel, it does not guarantee errorless counsel whose competency or accuracy of representation is to be judged by hindsight. *Rylander v. State*, 101 S.W.3d 107, 110 (Tex.

---

[1] Because the facts of this case are known to the parties and have been presented in two published opinions, we will not recite them in detail except to explain the basis for our decision. *See* TEX. R. APP. P. 47.4; *see also Linton v. State*, 246 S.W.3d 698 (Tex. App.–Corpus Christi 2007), *rev'd*, 275 S.W.3d 493 (Tex. Crim. App. 2009)

Crim. App. 2003). To prove ineffective assistance of counsel, Linton must show that (1) her first counsel's performance fell below an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's error, the result of the trial would have been different. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Andrews v. State*, 159 S.W.3d 98, 102 (Tex. Crim. App. 2005); *Jaynes v. State*, 216 S.W.3d 839, 851 (Tex. App.–Corpus Christi 2006, no pet.). A failure to make a showing under either prong of the *Strickland* standard defeats a claim of ineffective assistance of counsel. *Rylander*, 101 S.W.3d at 110-11.

Linton must prove her claim of ineffective assistance of counsel by a preponderance of the evidence. *Stafford v. State*, 813 S.W.2d 503, 506 n.1 (Tex. Crim. App. 1991). Our review of defense counsel's representation is highly deferential, and we presume that counsel's actions fell within the wide range of reasonable and professional assistance. *Bone v. State*, 77 S.W.3d 828, 833 (Tex. Crim. App. 2002). We will not second-guess legitimate tactical decisions made by trial counsel. *State v. Morales*, 253 S.W.3d 686, 696 (Tex. Crim. App. 2008). Allegations of ineffective assistance of counsel must be firmly founded in the record. *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999). The record must sufficiently demonstrate that the acts or omissions of counsel were not the product of strategic decisions; if the record is silent as to any explanation for counsel's actions, a reviewing court will find that the defendant has failed to overcome the strong presumption of reasonable assistance "unless the challenged conduct was so outrageous that no competent attorney would have engaged in it." *Morales*, 253 S.W.3d at 696-97 (quoting *Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005)); *see Thompson*, 9 S.W.3d at 814; *Jaynes*, 216 S.W.3d at 851. "These demanding standards are virtually impossible to meet when no proper evidentiary record was developed at a hearing on a motion for new trial." *Chavero v. State*, 36 S.W.3d 688, 701 (Tex.

App.–Corpus Christi 2001, no pet.).

**B.     Analysis**

Linton's ineffective assistance of counsel arguments revolve around her first trial counsel's allegedly insufficient attempts to accommodate her hearing impairment at a suppression hearing.  Assuming, without deciding, that Linton satisfied the first prong of *Strickland*, we are convinced, based upon the court of criminal appeals opinion, that she could not satisfy the second prong—establishing that there is a reasonable probability that, but for counsel's error, the result of the trial would have been different.  *See Linton*, 275 S.W.3d at 505; *see also Strickland*, 466 U.S. at 687.  The court of criminal appeals noted:

> This was not a complicated case, it was a simple DWI trial.  The level of linguistic competency necessary to participate in one's defense is directly related to the complexity, both factually and legally, of the case.  Here, the facts and the law were not complicated:  There was no traffic stop to contest, as appellant caused an accident and remained at the scene, exchanging information with the accident victim.  The issue in this case was whether appellant could communicate with Deputy Woodrick well enough to understand her *Miranda* rights and her right to refuse to give a breath sample.  As the State notes, appellant herself effectively testified—through the ASL interpreter—to these matters at the motion to suppress.
>
> [The court detailed an exchange between Linton and her defense counsel].
>
> In this colloquy, appellant does not appear to be "linguistically incompetent."  Appellant cogently testified to her legal contention—she did not understand her *Miranda* rights or her right to refuse a breath test—but the trial judge, based upon all of the evidence, rejected that claim.  Appellant fully presented it, but both the pretrial and trial judges acted within their discretion in declining to credit it.

*Linton*, 275 S.W.3d at 505-06.  Thus, regardless of the level of assistance that Linton's first counsel provided, the court of criminal appeals found that she "cogently testified" about her understanding of her *Miranda* rights at the suppression hearing.  *Id*. at 505.  This finding undercuts the "reasonable probability," or second, prong of *Strickland*.  Linton's first issue is overruled.

4

## II. AMENDED MOTION TO SUPPRESS

In her second issue, Linton argues that the trial court erred by not holding an evidentiary hearing on her amended motion to suppress.[2] The State counters by arguing that Linton's second issue is, ostensibly, moot because the substance of her amended motion was reviewed in a hearing on her motion for a mistrial, which took place on the second day of trial. A trial court's decision on an amended motion to suppress is essentially a decision to reopen a case, which is left to the sound discretion of the trial court. *See Montalvo v. State*, 846 S.W.2d 133, 137 (Tex. App.–Austin 1993, no pet.) (citing *Cain v. State*, 666 S.W.2d 109, 111 (Tex. Crim. App. 1984)). In this case, we find no abuse of discretion because Linton's amended motion mirrored her original one, and, as the State points out, the evidence Linton would have adduced at a hearing on her amended motion appears in the record at the hearing on her motion for mistrial.

A thorough review of Linton's original and amended motions to suppress does not reveal substantial differences. In her original motion to suppress, Linton pleaded in relevant part that:

> The actions of the Sheriff's Department violated the constitutional and statutory rights of the Defendant under the Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution, Article I, Section 9, of the Texas Constitution, and under Article 38.23 of the Texas Code of Criminal Procedure.
>
> Any tangible evidence seized in connection with this case, including but not limited to Breath Specimen, was seized without warrant, probable cause or other lawful authority in violation of the rights of AUDREY ROCHELLE LINTON pursuant to the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution, Article 1, Sections 9, 10 and 19 of the Constitution of Texas.
>
> Breath Test was obtained without effective consent because her state and federal constitutional rights were not given to the defendant so that she

---

[2] Linton acknowledges that the trial court took her pretrial amended motion to suppress under advisement and summarily denied it after voir dire of the jury.

could understand what was being asked, requested or what was being said.

Linton's amended motion to suppress pleaded in relevant part:

> Counsel has reviewed the Reporter's Record of the hearing [on the original motion to suppress] and it is apparent from the Record that legal issues were not raised and litigated during the prior hearing. As such, it is essential that the suppression hearing be continued in order for counsel to cross examine the police officer to address all issues, and to present case law to this Honorable Court in support of the legal issues.

> For purposes of this amended motion, the defendant moves this Honorable Court to suppress the following items which the defendant has reason to believe and does believe will be used as evidence against her which were seized in violation of the defendant's rights under U.S. Const., amends. IV and XIV; Tex. Const., Art. 1, Sec. 9; and Chaps. 14, 15, and 18, and Arts. 1.05, 1.06 and 38.23, Tex. Code Crim. Proc. Ann.

> . . .

> The initial detention, stop, arrest, search and seizure of the defendant was made without any reasonable suspicion that she was engaged in criminal activity. The acquisition of the evidence that will be offered by the prosecution was not pursuant to a reasonable investigative detention, not pursuant to an arrest warrant, was absent exigent circumstances, and made without probable cause to believe the accused was engaged in criminal activity.

> The acquisition of the evidence that the prosecution will offer was made without the defendant's consent. The defendant did not intelligently, voluntarily, and knowingly consent to the taking of field sobriety tests and the breath tests.

The main differences between the original and amended motions to suppress are that the amended motion (1) alleges that further cross-examination of the arresting officer is necessary, and (2) cites chapters of the code of criminal procedure that were not cited in the original motion. The amended motion does not detail what additional questions Linton would have asked the arresting officer or the evidence that she expected to find. Additionally, the amended motion does not apply the supplemental citations to the code of criminal procedure to the facts of the case.

6

Moreover, Linton's own brief points to the testimony of Jean Andrews, a deaf-education expert, who testified at the motion for mistrial hearing, as the testimony that would have supported her amended motion to suppress. Linton argues that she sought a hearing on her amended motion to "fully and fairly litigate the factual issues that appellant did not intelligently, voluntarily and knowingly consent to the taking of the breath test and field sobriety tests" because she was linguistically incompetent. However, in detailing the factual background of this case, the court of criminal appeals outlined Andrews's testimony and apparently discounted it by concluding that Linton was not "linguistically incompetent." *Linton*, 275 S.W.3d at 506.

Accordingly, we conclude that the trial court, under the facts of this case as viewed by the court of criminal appeals, did not abuse its discretion in denying Linton an evidentiary hearing on her amended motion to suppress. Linton's second issue is overruled.

### III. CONCLUSION

The judgment of the trial court is affirmed.

_____
ROGELIO VALDEZ
Chief Justice

Do Not Publish. TEX. R. APP. P. 47.2(b)
Memorandum Opinion on Remand delivered
and filed this the 28th day of August, 2009.