James DOYLE, Appellant,

v.

The STATE of Texas, Appellee.

No. 13–99–236–CR.

Court of Appeals of Texas,
Corpus Christi.

July 13, 2000.

Rehearing Overruled Aug. 3, 2000.

**3.** *See, e.g., Texas Dep't of Transp. v. Olson*, 980 S.W.2d 890, 898 (Tex.App.—Fort Worth 1998, no pet.).

Jon A. Jaworski, Houston, for Appellant.

John B. Holmes, Jr., Dist. Atty., Barbara Anne Drumheller, Asst. Dist. Atty., Calvin A. Hartmann, Asst. Dist. Atty., Houston, for Appellee.

Before Justices HINOJOSA, CHAVEZ and RODRIGUEZ.

## O P I N I O N

Opinion by Justice CHAVEZ.

On October 22, 1998, appellant James Doyle was the driver of one of three vehicles involved in an accident in Harris County. A jury found him guilty of the misdemeanor offense of driving while intoxicated, and the court assessed punishment at 180 days in jail and a fine of $400. Appellant raises four issues on appeal. We affirm.

At trial, the State presented five witnesses to provide testimony regarding appellant's loss of mental and physical faculties. The State then informed the court that its next witness, Officer D.J. Gutierrez, the operator of the intoxilyzer, although subpoenaed, would not come before the court because of child care problems. The court issued a writ of attachment for Officer Gutierrez, and the State rested. At the start of the trial the next day, the court granted a motion by appellant for an instructed verdict as to the allegation that

appellant's breath alcohol concentration was .10 or greater.[1]

Appellant called one witness who testified that he did not appear intoxicated the night of the offense. In rebuttal, the State called Officer Gutierrez and intoxilyzer chemist Frank Hwo to testify about the intoxilyzer test administered on appellant. Appellant objected, arguing that the testimony was irrelevant because the breath alcohol concentration was no longer at issue after the instructed verdict. The court admitted the testimony over appellant's objection.

In his first issue appellant asserts that the trial court abused its discretion by admitting Gutierrez's and Hwo's testimony into evidence after granting his motion for an instructed verdict. In this claim, appellant contends that because he did not contest whether or not he had consumed any alcohol, the testimony regarding the intoxilyzer was inadmissible. The Fourteenth Court of Appeals has determined that intoxilyzer results are relevant to determine whether an individual has consumed alcohol. *Verbois v. State*, 909 S.W.2d 140, 141–42 (Tex.App.—Houston [14th Dist.] 1995, no pet.). To our knowledge, neither the court of criminal appeals nor any state appellate court has determined whether intoxilyzer results are relevant to determine whether an individual is legally intoxicated. We will now make this determination.

■ Relevant evidence makes the existence of any fact that is of consequence to the determination of an issue more or less probable than it would be without the evidence. Tex.R. Evid. 401. Relevant evidence is generally admissible unless its probative value is substantially outweighed by the danger of unfair prejudice. Tex.R. Evid. 402; 403. Since Rule 403 favors admissibility of relevant evidence, the presumption is that relevant evidence will be more probative than unfairly prejudicial.

*Montgomery v. State*, 810 S.W.2d 372, 389 (Tex.Crim.App.1991). An appellate court may review a trial court's decision to admit evidence only for an abuse of discretion. *Richardson v. State*, 879 S.W.2d 874, 880–81 (Tex.Crim.App.1993).

■ The intoxilyzer measures the level of breath alcohol concentration. We do not see any unfair prejudice that outweighs this clear probative value, and therefore see no abuse of discretion in the admission of the evidence itself.

■ We now turn to whether the trial court could admit this evidence after it sustained appellant's motion for an instructed verdict. A trial court may allow additional testimony to be introduced at any time before the conclusion of arguments if the testimony appears to be necessary to the due administration of justice. Tex.Code Crim. Proc. Ann. art. 36.02 (West 2000). This is the case even when the defendant has previously moved for an instructed verdict. *Wolf v. State*, 674 S.W.2d 831, 842 (Tex.App.—Corpus Christi 1984, pet. ref'd). The court's decision is reviewed on appeal for an abuse of discretion, including when the defendant has moved for an instructed verdict. *Boatright v. State*, 472 S.W.2d 765, 770 (Tex.Crim.App.1971); *Wolf v. State*, 674 S.W.2d at 842.

■ By allowing the State to rebut appellant's testimony, the court reopened the case. The decision to reopen a case is left up to the discretion of the trial court. *Cain v. State*, 666 S.W.2d 109, 111 (Tex. Crim.App.1984). The trial court abuses its discretion if it refuses to reopen a case when the following conditions are met: 1) the witness was present and ready to testify; 2) the request to reopen was made before the charge was read to the jury and final arguments were made; 3) the court had some indication of what the testimony would have been, and was satisfied that the testimony was material and bore di-

---

1. The information reads in its relevant part that appellant, "having an alcohol concentra-

tion of at least .10 in his breath [did] operate a motor vehicle in a public place."

rectly on the main issues in the case; and, 4) there was no showing that introduction of the testimony would have impeded the trial or interfered with the orderly administration of justice. *Sims v. State*, 833 S.W.2d 281, 286 (Tex.App.—Houston [14th Dist.] 1992 pet. ref'd); *Yee v. State*, 790 S.W.2d 361, 362 (Tex.App.—Houston [14th Dist.] 1990), *pet. dism'd*, 815 S.W.2d 691 (Tex.Crim.App.1991); *Gibson v. State*, 789 S.W.2d 421, 423 (Tex.App.—Fort Worth 1990, pet. ref'd). Gutierrez's testimony and Hwo's testimony fit all four of these standards. We see no abuse of discretion, and overrule appellant's first issue.

■ Appellant's third and fourth issues are closely related to his first. In these two issues appellant asserts that the trial court erred and abused its discretion by charging the jury as to intoxication based upon a breath alcohol concentration of ten milliliters per deciliter because these allegations had been stricken by the instructed verdict. In each misdemeanor case tried in a court of record, the judge shall, before the argument begins, deliver to the jury a written charge distinctly setting forth the law applicable to the case. TEX. CODE CRIM. PROC. ANN. art. 36.14 (West 2000). The correct jury charge is one that accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the theories of liability, and adequately describes the particular offense for which the defendant was tried. *Malik v. State*, 953 S.W.2d 234, 241 (Tex.Crim.App.1997).

■ Here, appellant was charged with driving while intoxicated, and the charging instrument alleged both that appellant had lost the normal use of his mental and physical faculties and that appellant had a breath alcohol concentration of ten milliliters per deciliter. The jury charge was consistent with the indictment and with the evidence presented at trial. As explained above, the trial court did not abuse its discretion by allowing evidence regarding appellant's breath alcohol concentra-

tion after granting his motion for an instructed verdict. It would be pointless to allow this evidence at trial, but not in the jury charge that applied this evidence to the allegations in the indictment. Appellant's third and fourth issues are overruled.

In his second issue, appellant argues that the trial court abused its discretion when it admitted retrograde extrapolation testimony regarding the breath alcohol concentration the State alleged. Hwo's testimony related a hypothetical situation regarding a breath test result, produced over an hour after a person was driving. This type of testimony is retrograde extrapolation of breath alcohol concentration. Hwo estimated that a person in this situation would have a blood alcohol concentration of .13% at the time he was driving. Appellant states that the testimony did not meet the requirements for the admission of opinion evidence predicated on scientific theories established in *Kelly v. State*, 824 S.W.2d 568 (Tex.Crim.App.1992), and that the evidence was not relevant.

■ Appellant never made these objections at trial. The record reflects that appellant's only objections regarding Hwo's testimony were, "to leading the witness," and "to what the law is regarding extrapolation." Neither objection relates to opinion evidence predicated on scientific theories or to the relevance of the Hwo's testimony. The first objection is irrelevant to retrograde extrapolation testimony. The second objection is too vague to preserve error regarding the scientific foundation of retrograde extrapolation testimony. An error presented on appeal must be the same as the objection raised at trial to be properly preserved for review. TEX.R.APP. PROC. 33.1 *Bouchillon v. State*, 540 S.W.2d 319, 322 (Tex.Crim.App. 1976); *Jones v. State*, 644 S.W.2d 530, 532 (Tex.App.—Corpus Christi 1982, no pet.). We therefore overrule appellant's second issue.

The judgment of the trial court is AFFIRMED.