NUMBER 13-04-595-CR



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG 


 


BENNY ARNOLD, Appellant,


v.



THE STATE OF TEXAS, Appellee.

 


On appeal from the 130th District Court of Matagorda County, Texas.


 


MEMORANDUM OPINION



Before Justices Yañez, Benavides, and Vela


Memorandum Opinion by Justice Yañez


 

 Appellant, Benny Arnold, was indicted on the charge of aggravated robbery. (1) 
Appellant pled guilty to the charge and elected to have the jury assess punishment. On
October 15, 2004, the jury assessed punishment at ninety-nine years' imprisonment. On
appeal, appellant argues that (1) the trial court erred by admitting inadmissible evidence,
(2) his motion for new trial was wrongly denied, and (3) his punishment constitutes cruel
and unusual punishment. We affirm. (2)

Admission of Testimony

 In his first two issues, appellant contends the trial court erred in admitting nine
exhibits. Appellant asserts the trial court erred in admitting State's exhibits 40, 41, 42, 43,
44, 45, and 46 because these items "were not relevant and were more prejudicial than
probative." At trial, however, appellant only objected to these exhibits on the basis of
relevance. (3) Because a rule 403 objection was not raised (contending that the exhibits were
more prejudicial than probative), (4) any error is waived. (5)

 As to appellant's relevance objection, we find that even if we were to assume
exhibits 40-46 were irrelevant, no harm resulted in their admittance. Exhibits 40-45 are
photographs of appellant, either by himself or with a companion, taken in various social
settings. The photographs do not depict appellant engaging in any sort of incriminating
activity. Exhibit 46 was a wallet belonging to appellant. Furthermore, appellant's own
counsel commented on these items at trial, stating: "The wallet and the pictures, as far as
I'm concerned, are not--I don't think they injure my client or affect his defense in this
case." On appeal, appellant does not attempt to explain how the wallet and pictures
harmed him, other than to generally say that harm is evidenced by appellant's lengthy
punishment. We find this explanation to be insufficient and unpersuasive. Accordingly,
we overrule appellant's complaints with regard to exhibits 40-46. (6)

 Appellant further asserts the trial court erred in admitting State's exhibits 47 and 48
because these items "were not relevant and were more prejudicial than probative" and
because "they were used as extraneous offenses instead of proving character." Each
exhibit was a piece of paper with writing on it, which the State contended belonged to
appellant. A witness for the State testified, without objection, that one exhibit was "really
a shopping list to make methamphetamine, not only some of the chemicals here but also
the glassware and other equipment that's needed;" the other exhibit contained a list of
"precursor chemicals" and listed "drugs used in the manufacture of ecstasy and LSD." 

 Appellant objected to the admission of these exhibits on the basis of relevance
because there was no proof that they belonged to appellant. The record reflects, however,
that appellant subsequently testified that exhibits 47 and 48 did belong to him; he also
concurred with the aforementioned witness's testimony regarding the nature of the
information contained in those exhibits.

 Appellant also asserts that the State, though initially offering exhibits 47 and 48 as
character evidence, instead utilized these exhibits as evidence of an extraneous crime or
bad act. To illustrate this point, appellant directs us to the State's closing argument,
whereupon the State's counsel refers to appellant when stating the following:

 Who else is he? Well, he tried his hand, somewhat unsuccessfully, at
manufacturing--at making the very drugs that he sells. Still carries around
in his billfold the recipes and the shopping lists for making
methamphetamine, making LSD, making ecstasy. So, he wants to get in that
business, as well. He tried, he just wasn't good enough. But had he been
good enough, he'd have been the source of those drugs right here in the
heart of your community. That's Benny Arnold.


The record indicates, however, that counsel's closing remarks did not necessarily stem
from the admission of exhibits 47 and 48. Appellant's own testimony revealed he had sold
numerous drugs and that he had attempted unsuccessfully to manufacture
methamphetamine.

 We review a trial court's decision to admit evidence under an abuse of discretion
standard. (7) During the punishment phase of a trial, the State may offer evidence "as to any
matter the court deems relevant to sentencing, including but not limited to . . . any other
evidence of an extraneous crime or bad act that is shown beyond a reasonable doubt by
evidence to have been committed by the defendant or for which he could be held criminally
responsible, regardless of whether he has previously been charged. . . ." (8) The trial court
is responsible for determining the threshold admissibility of extraneous offense evidence
at the punishment phase; that is, the court must make an initial determination at the proffer
of the evidence that a jury could reasonably find beyond a reasonable doubt that the
defendant committed the extraneous offense. (9) 

 After reviewing the record, we conclude the trial court did not abuse its discretion
by admitting exhibits 47 and 48. The trial court heard arguments regarding the
admissibility of these exhibits outside the presence of the jury following appellant's
objection, determined that the exhibits were relevant for purposes of punishment, and the
jury charge instructed the jury only to consider evidence of any bad act committed if it
found beyond a reasonable doubt that appellant committed such act. In light of the facts
and law discussed herein, we cannot say that the trial court abused its discretion in
admitting exhibits 47 and 48. Appellant's first and second issues are overruled. 

Denial of Motion for New Trial

 By his third issue, appellant argues that the trial court abused its discretion in failing
to grant his motion for new trial based on ineffective assistance of counsel. Appellant
contends his trial counsel was ineffective because he did not (1) interview potential
witnesses; (2) file any pretrial motions on appellant's behalf; (3) have appellant "examined
as to the effects of his sexual abuse as a child;" (4) learn that appellant "was being treated
by mental health professionals while awaiting trial;" and (5) formally object or move for a
"mistrial when informed that a member of the jury was sleeping."

 Generally, a trial court's denial of a motion for new trial is reviewed for an abuse of
discretion. (10) To demonstrate ineffective assistance of counsel in a motion for new trial, a
defendant must show: (1) counsel's performance fell below an objective standard of
reasonableness; and (2) there is a reasonable probability that but for counsel's deficient
performance, the result of the proceeding would have been different. (11) 

 In reviewing an ineffective assistance of counsel claim, we must indulge a strong
presumption that counsel's conduct falls within the wide range of reasonable professional
assistance and the appellant must overcome the presumption that the challenged conduct
might be considered sound trial strategy. (12) Any allegation of ineffectiveness must be firmly
founded and affirmatively demonstrated in the record to overcome this presumption. (13) It
is the defendant's burden to prove ineffective assistance of counsel by a preponderance
of the evidence. (14)

 After proving error, the appellant must affirmatively prove prejudice. (15) The appellant
must prove that his attorney's errors, judged by the totality of the representation and not
by isolated instances of error, denied him a fair trial. (16) It is not enough for the appellant to
show that the errors had some conceivable effect on the outcome of the proceedings. (17) 
He must show that there is a reasonable probability that, but for his attorney's errors, the
jury would have had a reasonable doubt about his guilt. (18)

 In the case at hand, appellant proffers multiple reasons as to why his trial counsel's
actions fell below the professional norm. However, even assuming arguendo that the
actions of appellant's trial counsel, as noted in appellant's brief, satisfied the first prong of
the Strickland test, appellant must still affirmatively prove prejudice. (19) It is not enough for
the appellant to merely show that the errors had some conceivable effect on the outcome
of the proceedings. (20) In his brief, appellant makes only the following argument that is
possibly attributable to the second prong of Strickland: "Appellant was 'harmed' in the
sense that he received ninety-nine [99] years of prison time as a sentence."

 We iterate that the burden of proof as to this issue rests squarely upon appellant. (21) 
As such, we will neither surmise nor devise our own conclusions absent some cogent
argument on appellant's behalf that but for his counsel's alleged unprofessional errors,
there exists a reasonable probability that the result of the proceedings would have been
different. We hold that appellant has failed to meet this burden under Strickland. (22) 
Appellant's third issue is overruled.

Cruel and Unusual Punishment

 In his fourth issue, appellant contends that his ninety-nine years' imprisonment is
cruel and unusual punishment. As a prerequisite to presenting a complaint for appellate
review, the record must show that the complaint was made to the trial court by a timely
objection or motion. (23) It is well-settled that "almost every right, constitutional and statutory,
may be waived by a party's failure to object." (24) Moreover, this Court has held that failing
to complain that a sentence is cruel and unusual, either by objection during the punishment
phase of trial or by a motion for new trial, waives the error. (25)

 Thus, in order to have preserved his complaint for appellate review, appellant had
to (1) make a timely objection to the sentence imposed by the trial court, complaining that
his sentence was cruel and unusual, or (2) raise his complaint in a motion for new trial. (26) 
The record, however, shows that appellant (1) failed to object to the sentence assessed
by the trial court, and (2) failed to file a motion for new trial complaining that his sentence
was cruel and unusual. Therefore, we conclude appellant failed to preserve error. 
Moreover, the sentence imposed by the trial court was within the statutorily permissible
range. (27) Accordingly, we hold that the trial court did not abuse its discretion in imposing
the sentence. (28) Appellant's fourth issue is overruled.

Conclusion

 We overrule appellant's issues and affirm the judgment of the trial court.


 
 LINDA REYNA YAÑEZ,

 Justice






Do not publish. Tex. R. App. P. 47.2(b).


Memorandum opinion delivered and filed 

this the 22nd day of March, 2007.

1. Tex. Pen. Code Ann. § 22.01 (Vernon 2006).
2. As this is a memorandum opinion and the parties are familiar with the facts, we will not recite them
here except as necessary to explain the Court's decision and the basic reasons for it. See Tex. R. App. P.
47.4.
3. See Tex. R. Evid. 401.
4. See Tex. R. Evid. 403.
5. An objection made at trial must mirror the contention on appeal or the point of error will be waived. 
See Santellan v. State, 939 S.W.2d 155, 171 (Tex. Crim. App. 1997); Doyle v. State, 24 S.W.3d 598, 602
(Tex. App.-Corpus Christi 2000, pet. ref'd).
6. The general rule is that a judgment will not be reversed for error in the admission of evidence that
did not injure the defendant. Cunningham v. State, 500 S.W.2d 820, 824 (Tex. Crim. App. 1973). We must
disregard nonconstitutional error if, after examining the record as a whole, we have fair assurance that the
error did not influence the jury or had but a slight effect. See Tex. R. App. 44.2(b); Solomon v. State, 49
S.W.3d 356, 365 (Tex. Crim. App. 2001).
7. Allen v. State, 108 S.W.3d 281, 285 (Tex. Crim. App. 2003).
8. Tex. Code Crim. Proc. Ann. art. 37.07, § 3(a) (Vernon 2006).
9. Moore v. State, 82 S.W.3d 399, 409 (Tex. App.-Austin 2002, pet. ref'd); see Mitchell v. State, 931
S.W.2d 950, 954 (Tex. Crim. App. 1996).
10. Salazar v. State, 38 S.W.3d 141, 148 (Tex. Crim. App. 2001).
11. Strickland v. Washington, 466 U.S. 668, 687-88 (1984); Rodriguez v. State, 899 S.W.2d 658, 664
(Tex. Crim. App. 1995). The test in Strickland may be properly applied to the punishment phase of a
noncapital case. See Hernandez v. State, 988 S.W.2d 770, 772 (Tex. Crim. App. 1999).
12. Strickland, 466 U.S. at 689; Thompson v. State, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999).
13. Thompson, 9 S.W.3d at 813.
14. Id.
15. See Burruss v. State, 20 S.W.3d 179, 186 (Tex. App.-Texarkana 2000, pet ref'd).
16. Id.
17. Id.
18. Id.
19. Id.
20. Id.
21. Thompson, 9 S.W.3d at 813.
22. Appellant does not clearly assert what pretrial motions his counsel should have made, nor does he
attempt to articulate what effect, if any, a particular pretrial motion would have had. With regard to counsel's
failure to interview witnesses, appellant provided no evidence as to what these witnesses would have testified
to, nor did he prove whether these potential witnesses were available to testify at trial. See Walker v. State,
195 S.W.3d 250, 256. As to the sleeping juror, we are not told whether the alleged juror was seen sleeping
through testimony that was favorable to appellant, nor do we know the duration of time that the juror allegedly
slept. With respect to counsel's failure to learn that appellant was being treated by mental health
professionals, we note that appellant's counsel testified that he had no reason to believe that appellant was
mentally incompetent. Furthermore, appellant never produced any evidence that brought his competency into
question. As to the issue of sexual abuse, appellant's counsel had two witnesses testify on this matter, and
appellant has not attempted to prove that he was harmed by counsel's failure to have additional witnesses
testify.
23. Tex. R. App. P. 33.1(a).
24. Smith v. State, 721 S.W.2d 844, 855 (Tex. Crim. App. 1986).
25. Quintana v. State, 777 S.W.2d 474, 479 (Tex. App.-Corpus Christi 1989, pet. ref'd).
26. See Tex. R. App. P. 33.1(a); see also Quintana, 777 S.W.2d at 479.
27. See Tex. Pen. Code Ann. § 12.32 (Vernon 2006).
28. See Jackson v. State, 680 S.W.2d 809, 814 (Tex. Crim. App. 1984).