NUMBER 13-06-119-CR



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG 


 


JOE MENDOZA, IV, Appellant,


v.



THE STATE OF TEXAS , Appellee.

 


On appeal from the 24th District Court of Victoria County, Texas.


 


MEMORANDUM OPINION



Before Justices Yañez, Benavides, and Vela


Memorandum Opinion by Justice Yañez


 

 A jury convicted appellant, Joe Mendoza IV, of engaging in organized criminal
activity (1) and murder, (2) and sentenced him to life imprisonment and a $10,000 fine for each
conviction. By two issues, appellant contends (1) the evidence corroborating the
accomplice-witness testimony is insufficient to support his convictions, and (2) the trial
court abused its discretion in allowing a witness to testify as an expert. We affirm.

I. Background 


 Near midnight on the evening of November 24, 2003, a neighbor saw what was later
described as a gang warfare assault: approximately nine to thirteen people stood in the
street and fired multiple shots into a mobile home. As a result of the incident, a six-year-old boy inside the mobile home was struck by a bullet and killed. (3) The neighbor was
unable to identify any of the assailants. 

 At trial, two accomplice witnesses, Oscar Ramirez and Paul Benavides, testified. (4) 
Ramirez testified that (1) he was a member of a gang known as Hermanos de Pistoleros
Latinos ("HPL"); (2) appellant was the captain and highest-ranking member of the gang; 
(3) appellant ordered the shooting in retaliation for other shootings committed by members
of a rival gang; (4) prior to the shooting, appellant called a meeting of certain gang
members and gave orders for the shooting; and (5) when the shooting occurred, Ramirez
and appellant were not present because they were at the hospital, celebrating the birth of
appellant's baby. Similarly, Benavides testified, in pertinent part, that: (1) he was a
member of HPL; (2) appellant was the leader of HPL; (3) any organized shooting required
appellant's permission; (4) appellant called a meeting and gave the orders and specific
directions for the shooting; (5) and (5) based on appellant's orders, the plan was to "[s]hoot
into the house to kill."

 The State also presented testimony from several officers who assisted in 
investigating the shooting. In addition, several Victoria police officers testified regarding
the gang-related aspect of the shooting. Officer Tom Copeland testified that appellant was
the captain of the HPL gang and that the victim's father was an associate in a rival gang. 
Officer Chris Garcia testified that he was "the gang expert in the City of Victoria." Officer
Garcia testified that in his "expert opinion," appellant was the leader of HPL in Victoria
County and was the only one with authority to order the shooting. 

 Clemente Rodriguez, a "gang expert from TDCJ" also testified for the State. (6) 
Rodriguez testified that appellant's tattoos identify him as a member of HPL. According
to Rodriguez, appellant has been confirmed as a member of HPL for over ten years. 
Rodriguez testified that an HPL captain has authority to order other HPL members to carry
out a shooting. The defense did not present any witnesses or evidence. 

II. Standard of Review and Applicable Law


 The accomplice-witness rule provides: "A conviction cannot be had upon the
testimony of an accomplice unless corroborated by other evidence tending to connect the
defendant with the offense committed; and the corroboration is not sufficient if it merely
shows the commission of the offense." (7) 

 In conducting a sufficiency review under the accomplice-witness rule, a reviewing
court must eliminate the accomplice testimony from consideration and then examine the
remaining portions of the record to see if there is any evidence that tends to connect the
accused with the commission of the crime. (8) "Tendency to connect," rather than rational
sufficiency, is the standard: the corroborating evidence need not be sufficient by itself to
establish guilt. (9) "The accomplice witness rule is satisfied if there is some non-accomplice
evidence which tends to connect the accused to the commission of the offense alleged in
the indictment." (10) No precise rule can be formulated regarding the amount of evidence that
is required to corroborate the testimony of an accomplice witness; each case must be
judged on its own facts. (11) 

 The "tends-to-connect" standard does not present a high threshold. (12) Even
insignificant circumstances may satisfy the test. (13) If, however, the corroborating evidence
does no more than point the finger of suspicion towards the accused, it is insufficient to
satisfy the requirements of article 38.14. (14) One accomplice witness's testimony may not
corroborate the testimony of another accomplice witness. (15) While the accused's mere
presence at the scene of the crime is insufficient, by itself, to corroborate accomplice
witness testimony, "evidence of such presence, coupled with other suspicious
circumstances, may tend to connect the accused to the offense." (16) The
accomplice-witness rule is not based upon federal or state constitutional notions of
sufficiency; there simply needs to be "other" evidence tending to connect the defendant to
the offense. (17)

 The State's failure to sufficiently corroborate accomplice testimony in accordance
with the statute results in the remedy of acquittal. (18) This result is not required by the
federal constitution, but by state statute: "In all cases where, by law, two witnesses, or one
with corroborating circumstances, are required to authorize a conviction, if the requirement
be not fulfilled, the court shall instruct the jury to render a verdict of acquittal, and they are
bound by the instruction." (19)

 We measure the sufficiency of the evidence by the elements of the offense as
defined by the hypothetically correct jury charge. (20) Such a charge would be one that
accurately sets out the law, is authorized by the indictment, does not unnecessarily restrict
the State's theories of liability, and adequately describes the particular offense for which
the defendant was tried. (21)

 A person commits murder if he or she intentionally or knowingly causes the death
of an individual. (22) A person commits the offense of engaging in organized criminal activity
if, "with the intent to establish, maintain, or participate . . . as a member of a criminal street
gang," he commits or conspires to commit one or more specified offenses, here, murder. (23) 
The Texas Penal Code defines "criminal street gang" as "three or more persons having a
common identifying sign or symbol or an identifiable leadership who continuously or
regularly associate in the commission of criminal activities." (24)
 

III. Analysis


A. Officer Garcia's Testimony


 We first address appellant's second issue, by which he contends the trial court erred
in allowing Officer Garcia to testify as an expert on gangs without determining his
qualifications as an expert. In his brief, appellant alleges:

After some testimony before the jury regarding training Sergeant Garcia had
received, Appellant's counsel asked to approach and a hearing was held
outside the presence of the jury. During that hearing Appellant objected to
Sergeant Garcia testifying as an expert and made additional objections
regarding character evidence. No evidence was presented by the State at
that hearing regarding Sergeant Garcia's qualifications as an expert and the
only other reference was the statement of the Court that if Sergeant Garcia
was " . . . an expert on HPL being a gang, he's allowed to give his expert
opinion." 


 The record reveals, however, that appellant did not object at all to Officer Garcia's
assertion that he is "the gang expert in the City of Victoria;" appellant objected only that
Officer Garcia's testimony was inadmissible "character testimony" "under Rule 404." (25) In
order for an issue to be preserved on appeal, there must have been a timely and specific
objection raised at trial. (26) The objection made at trial must also mirror the contention on
appeal or the point of error will be waived. (27) Because appellant's contention on appeal is
different from his trial objection, he has failed to preserve any issue for our review. We
overrule appellant's second issue. 

B. Corroboration of Accomplice Witness Testimony 


 In his first issue, appellant contends the evidence is insufficient to corroborate the
accomplice witnesses' testimony. Specifically, he contends the only evidence tending to
connect him to the charged offenses--the testimony of Officers Copeland, Rodriguez, and
Garcia that he was a high-ranking member of HPL--was insufficient corroborating
evidence. (28)

 The jury charge authorized the jury to find appellant guilty of engaging in organized
criminal activity and murder under the "intent to promote or assist" theory of the law of
parties. (29) Specifically, the charge authorized the jury to convict appellant of engaging in
organized criminal activity if it found that "on or about the 24th day of November, 2003, . . .
a person unknown, as a member of . . . [HPL], did commit the offense of [m]urder, . . . by
shooting [the victim,] . . . and [appellant], as a member of . . . [HPL], . . . with intent to
promote or assist the commission of said offense, did aid or direct said person unknown
by planning and ordering the attack . . . ." It further authorized the jury to convict appellant
of murder if it found that "on or about the 24th day of November, 2003, . . . a person
unknown, did commit the offense of [m]urder, . . . by shooting [the victim,] . . . and
[appellant], with intent to promote or assist the commission of said offense, did aid or direct
said person unknown by planning and ordering the attack . . . ." It is undisputed that
appellant was not present at the scene of the crime.

 The following non-accomplice evidence tends to connect appellant to the offense: 
(1) Officer Copeland testified that at the time of the shooting, there was gang warfare
between HPL and a rival gang, Raza Unida, and numerous drive-by shootings had
occurred; the victim's father was a member of Raza Unida; based on the shell casings and
bullet holes at the crime scene, Officer Copeland believed the shooting was "an attempted
gang hit" and that HPL was involved; and appellant was the local leader of the HPL. 

(2) Officer Garcia testified that he was an expert on gangs in the area and had testified as
a gang expert several times; and appellant was the leader of the HPL and the only person
that could have ordered the shooting. 

(3) Clemente Rodriguez testified that appellant's tattoos identify him as a member of HPL,
and that HPL members are required to follow orders given by an HPL captain. 

(4) Other officers testified that various weapons used in the shooting were found at the
residence of a high-ranking HPL gang member.

 We hold that the non-accomplice evidence adduced at trial was sufficient to satisfy
the accomplice-witness rule. Reasonable jurors could conclude that the non-accomplice
evidence, when viewed as a whole, tended to connect appellant to the offenses. We
overrule appellant's first issue and affirm the trial court's judgment. 



 

 LINDA REYNA YAÑEZ,

 Justice






Do not publish. Tex. R. App. P. 47.2(b).


Memorandum Opinion delivered and filed 

this the 24th day of April, 2008. 
1. See Tex. Penal Code Ann. § 71.02 (Vernon Supp. 2007).
2. See id. § 19.02 (Vernon 2003).
3. The victim's mother testified that at the time of the shooting, five children under the age of six were
living in the mobile home. 
4. Both Ramirez and Benavides were also indicted for the shooting, but were granted immunity in
exchange for their testimony. Other gang members were prosecuted and convicted in connection with the
incident. See Loya v. State, No.13-04-00537-CR, 2006 Tex. App. LEXIS 5827 (Tex. App.-Corpus Christi July
6, 2006, no pet.) (mem. op., not designated for publication). 
5. Benavides testified that appellant called two meetings: one on November 23, 2003 and a second
on November 24, 2003. According to Benavides, the "hit" that was scheduled to occur on the 23rd was called
off because of a police patrol in the area. On the 24th, appellant called a second meeting and gave the orders
to follow the same plan discussed on the 23rd. 
6. Mr. Rodriguez testified that he conducts monitoring and training on "security threat groups" for TDCJ. 
"Security threat groups" are commonly referred to as "prison gangs." Mr. Rodriguez testified that he has
testified many times as a gang expert. 
7. Tex. Code Crim. Proc. Ann. art. 38.14 (Vernon 2005); Solomon v. State, 49 S.W.3d 356, 361 (Tex.
Crim. App. 2001). 
8. Solomon, 49 S.W.3d at 361. 
9. Id. (citing Cathey v. State, 992 S.W.2d 460, 462 (Tex. Crim. App. 1999)).
10. Trevino v. State, 991 S.W.2d 849, 851 (Tex. Crim. App. 1999) (quoting Hernandez v. State, 939
S.W.2d 173, 176 (Tex. Crim. App. 1997) (emphasis in original)). 
11. Gill v. State, 873 S.W.2d 45, 48 (Tex. Crim. App. 1994).
12. See Cantelon v. State, 85 S.W.3d 457, 461 (Tex. App.-Austin 2002, no pet.)
.
13. See id. 
14. Nolley v. State, 5 S.W.3d 850, 853 (Tex. App.-Houston [14th Dist.] 1999, no pet.). 
15. Badillo v. State, 963 S.W.2d 854, 857 (Tex. App.-San Antonio 1998, pet. ref'd) . 
16. Trevino, 991 S.W.2d at 851-52 (quoting Dowthitt v. State, 931 S.W.2d 244, 249 (Tex. Crim. App.
1996)). 
17. Solomon, 49 S.W.3d at 361 (citing Cathey, 992 S.W.2d at 462-63). 
18. Cathey, 992 S.W.2d at 463 n.2.
19. Id. (quoting Tex. Code Crim. Proc. Ann. art. 38.17 (Vernon 2005) (emphasis in Cathey)).
20. Malik v. State, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997); Adi v.State, 94 S.W.2d 124, 131 (Tex.
App.-Corpus Christi 2002, pet. ref'd). 
21. Gollihar v. State, 46 S.W.3d 243, 253 (Tex. Crim. App. 2001); Malik, 953 S.W.2d at 240.
22. Tex. Penal Code Ann. § 19.02(a) (Vernon 2003). 
23. Tex. Penal Code Ann. § 71.02(a)(1) (Vernon Supp. 2007). 
24. Id. § 71.01(d) (Vernon 2003).

25. See Tex. R. Evid. 404.
26. Tex. R. App. P. 33.1. 
27. See Santellan v. State, 939 S.W.2d 155, 171 (Tex. Crim. App. 1997); Doyle v. State, 24 S.W.3d
598, 602 (Tex. App.-Corpus Christi 2000, pet. ref'd). 
28. We note that appellant appears to challenge only the sufficiency of the evidence corroborating the
accomplice witnesses' testimony. He makes no specific argument challenging the legal or factual sufficiency
of the evidence supporting particular elements of the charged offenses. Thus, we confine our review to the
sufficiency of the evidence tending to connect appellant to the offenses. See Vasquez v. State, 67 S.W.3d
229, 235-36 (Tex. Crim. App. 2002) (noting appellant's challenge to "three categories of sufficiency:
accomplice witness corroboration, legal sufficiency, and factual sufficiency."). 
29. See Tex. Penal Code Ann. 7.02(a)(2) (Vernon 2003) ("A person is criminally responsible for an
offense committed by the conduct of another if . . . acting with intent to promote or assist the commission of
the offense, he solicits, encourages, directs, aids, or attempts to aid the other person to commit the offense.").