

# NUMBER 13-10-00613-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI–EDINBURG

**RANULFO CANO PEREZ,**                                **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                    **Appellee.**

### On appeal from the 2nd 25th District Court
### of Gonzales County, Texas[1]

## MEMORANDUM OPINION

### Before Justices Rodriguez, Vela, and Perkes
### Memorandum Opinion by Justice Perkes

Appellant, Ranulfo Cano Perez, appeals his conviction for two counts of aggravated sexual assault of a child and one count of continuous sexual abuse of a child. *See* TEX. PENAL CODE ANN. §§ 21.02, 22.021 (West 2003 & Supp. 2010). Following a jury

---

[1] We note that the reporter's record, clerk's record, and the trial court's judgment identify the trial court as the "2nd 25th District Court" of Gonzales County, Texas.

trial on guilt-innocence, for each of the three counts, the jury found appellant guilty and assessed punishment at ninety-nine years of confinement in the Texas Department of Criminal Justice—Institutional Division. The sentences are to run concurrently. By a single issue, appellant argues the trial court erred in permitting a psychologist to provide expert testimony when he had interviewed neither the victim nor appellant, and his testimony did not meet the "fit requirement" under Texas Rule of Evidence 702. We affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Appellant sexually abused his daughter. At trial, the State called William Lee Carter, Ph.D. as an expert witness. After explaining his background and qualifications, Dr. Carter stated he had not evaluated appellant or the victim, but testified concerning hypothetical scenarios and the dynamics of child sexual abuse generally. Appellant's trial counsel did not object to Dr. Carter testifying at trial and did not object to any question posed to Dr. Carter at trial. On cross examination, defense counsel elicited expert testimony from Dr. Carter that arguably supported the defensive theory of the case.

## II. ANALYSIS

On appeal, appellant argues the admission of Dr. Carter's testimony into evidence was "plain error," and he was therefore not required to object at trial to preserve his complaint for appellate review. We disagree.

Texas Rule of Evidence 103(d) provides that in a criminal case, nothing in the rules of evidence "precludes taking notice of fundamental errors affecting substantial rights although they were not brought to the attention of the court." TEX. R. EVID. 103(d). In

2

*Saldano v. State*, the Texas Court of Criminal Appeals addressed whether a capital-murder defendant was required to object to preserve a complaint concerning purported error in admitting a psychologist's testimony during the punishment phase of trial. 70 S.W.3d 873, 884–85 (Tex. Crim. App. 2002). The *Saldano* Court identified two narrow categories of errors that are so fundamental that timely objection is unnecessary to preserve a complaint for appellate review—violations of "waivable only" rights and denials of "absolute systemic requirements." *Id.* at 887–88. Waivable only rights include the right to a jury trial and the right to effective assistance of counsel. *See id.* at 888. Absolute systemic rights include the requirements that the trial court have personal and subject-matter jurisdiction. *See id.* The *Saldano* Court concluded that neither category included the admission of the psychologist's testimony into evidence and that, as a result, the defendant waived appellate review of his complaint by not objecting to the admission of the testimony at trial. *Id.* at 890.

Here, as in *Saldano*, appellant has not preserved for appellate review his complaint concerning Dr. Carter's testimony because he did not object to the admission of the testimony in the trial court. *See id.*; *see also Doyle v. State*, 24 S.W.3d 598, 602 (Tex. App.—Corpus Christi 2000, pet. ref'd) (holding that complaint about expert testimony was not preserved for appellate review because the defendant failed to make an objection to the expert opinion testimony in the trial court); *Shaw v. State*, 329 S.W.3d 645, 655 (Tex. App.—Houston [14th Dist.] 2010, pet. ref'd) (concluding that a complaint concerning the reliability of expert testimony concerning paternity testing was not preserved for appellate review). Appellant's sole issue on appeal is overruled.

3

## III. CONCLUSION

We affirm the trial court's judgment.

_____
Gregory T. Perkes
Justice

Do not publish.   Tex. R. App. P. 47.2(b).

Delivered and filed the
21st day of December, 2011.

4