

NUMBER 13-10-00571-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

**RUBEN HERRERA,** **Appellant,**

**v.**

**THE STATE OF TEXAS,** **Appellee.**

**On appeal from the 214th District Court
of Nueces County, Texas.**

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Benavides and Vela
Memorandum Opinion by Justice Benavides**

Appellant Ruben Herrera challenges his jury conviction for one count of aggravated sexual assault of a child, a first-degree felony. *See* TEX. PENAL CODE ANN. § 22.021 (West 2011). He was sentenced to forty years' imprisonment in the Institutional Division of the Texas Department of Criminal Justice. By two issues, Herrera contends

that: (1) the evidence was legally and factually insufficient to support the verdict; and (2) the trial court committed error when it refused to allow the defense to reopen the evidence, make an offer of proof, or grant a mistrial prior to the jury returning a verdict. We affirm.

## I.      BACKGROUND

In 1999, appellant and his twin brother, Raymond, were downstairs neighbors of the victim (S.H.) and her family at an apartment complex in Corpus Christi, Texas. During that time, Raymond began dating S.H.'s mother (M.B.), eventually moved into her apartment, and later into a house together. Several years later, Raymond and M.B. ended their relationship, but subsequently reconciled. Once back together, M.B. informed her children that Raymond would return to live with them, but M.B.'s other daughter (R.B.) told M.B. that Raymond had previously abused her. M.B. testified that she was angry and hurt and spoke to her other children to investigate whether they had similar claims. S.H. revealed to her mother that appellant had abused her in the past. M.B. reported these allegations to the Corpus Christi Police Department, who initiated an investigation. Following these outcries, Raymond was charged and pleaded guilty to sexual assault of S.H., R.B., and their other sister, M.B.; pursuant to a plea bargain, he was sentenced to twenty-five years' imprisonment.

In 2010, appellant, Ruben Herrera, was later indicted and pleaded not guilty to three counts of aggravated sexual assault of a child stemming from an outcry made by S.H., who alleged three separate episodes of abuse by appellant dating back to August 1999. *See* TEX. PENAL CODE ANN. § 22.021.

2

S.H., who was nineteen years-old at the time of trial, testified that all three episodes took place when the two were alone in appellant's downstairs apartment, when she was eight-years old. The first incident happened when S.H. was helping appellant clean his apartment, and he took her to the couch in the living room. S.H. testified that appellant proceeded to rub her leg, undo her pants, and perform oral sex on her. S.H. could not recall details of the second episode, but testified that the third time, appellant rubbed her private area over her clothes with his fingers as she washed dishes. S.H. further testified that she could identify the appellant apart from his identical twin Raymond because the two dressed differently, acted differently, and the appellant had "R.H." tattooed on his right hand.

The jury convicted appellant of the first count of aggravated sexual assault of a child, and the trial court assessed punishment at forty years' imprisonment in the Institutional Division of the Texas Department of Criminal Justice. This appeal ensued.

## II. SUFFICIENCY OF THE EVIDENCE

In his first issue, appellant asserts that the evidence is legally and factually insufficient to support the verdict.

## A. Standard of Review

The court of criminal appeals has held that the *Jackson v. Virginia* legal-sufficiency standard "is the only standard that a reviewing court should apply in determining whether the evidence is sufficient to support each element of a criminal offense that the State is required to prove beyond a reasonable doubt." *Brooks v. State*, 323 S.W.3d 893, 895 (Tex. Crim. App. 2010) (plurality op.) (citing *Jackson v.*

*Virginia*, 443 U.S. 307, 318–19 (1979)).   Accordingly, we apply the *Jackson* standard to our review and inquire whether "considering all of the evidence in the light most favorable to the verdict, was a jury rationally justified in finding guilt beyond a reasonable doubt?"   *Brooks*, 323 S.W.3d at 899.   In our analysis, we "defer to the jury's credibility and weight determinations because the jury is the sole judge of the witnesses' credibility and the weight given to their testimony."   *Id.*

"[S]ufficiency of the evidence should be measured by the elements of the offense as defined by the hypothetically correct jury charge for the case.   Such a charge would be one that accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried."   *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997) (en banc); *Trevino v. State*, 228 S.W.3d 729, 736 (Tex. App.—Corpus Christi 2006, pet. ref'd).

**B.   Discussion**

Under a hypothetically correct jury charge, a person commits first-degree felony aggravated sexual assault of a child if:

(1) The appellant;

(2) Intentionally or knowingly;

(3) Causes the sexual organ of S.H., a child, to contact or penetrate the mouth, of appellant; and

(4) The victim is younger than fourteen years of age and not appellant's spouse.

4

*See* Tex. Penal Code Ann. § 22.021.

In this case, appellant argues that the evidence presented was insufficient for the State to prove its case beyond a reasonable doubt because: (1) the mother did not remember the exact dates of the allegations; (2) S.H. never mentioned the "R.H." tattoo on appellant to distinguish him from his twin brother, Raymond; and (3) testimony was presented, including from the appellant, which denied his involvement in the allegations. We are not persuaded by appellant's argument.

First, the mother's exact certainty of the time frame as to when the alleged abuse by appellant took place was outside of her personal knowledge. She did remember, however, that she moved into the apartment complex where the Herrera twins lived in July 1999 and started dating Raymond a month later. Further, to counter the uncertainty of dates, the State presented direct testimony from S.H., who testified that the alleged assaults by appellant took place close to August 1999 when she was eight-years old, before the school-year started, and after Raymond started dating her mother. Second, S.H. testified that one of the main differences between appellant and his twin was that appellant had his initials tattooed on his hand, while Raymond had four dots tattooed on his. Appellant argues that S.H. testified that she never told police or the forensic interviewer about seeing a tattoo on the day of the assault. However, S.H. made it clear that she never mentioned the tattoo to the police or the investigators because they never asked. S.H. also told the jury that she was able to tell the Herrera twins apart from their tattoos, their clothing, and their personalities. S.H. positively identified appellant as the actor during these assaults—not Raymond. Finally,

5

appellant's evidence that people would often confuse the Herrera twins identities, Raymond's convictions of sexual assault, and denial by the appellant that he assaulted S.H. was evidence within the province and discretion of the jury to evaluate and weigh. *See Brooks*, 323 S.W.3d at 899 (citing *Jackson*, 443 U.S. at 319 (holding that this standard "gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts.")). We conclude that having reviewed the evidence in a light favorable to the verdict, the jury was rationally justified in finding appellant guilty of aggravated sexual assault as measured by the hypothetically correct jury charge. *See id.*; *Malik*, 953 S.W.2d at 240. Appellant's first issue is overruled.

## III. REOPENING OF EVIDENCE

In his second issue, appellant contends that he was denied due process and a fair trial when the trial court refused to allow the defense to reopen the evidence or make an offer of proof, or granting a mistrial prior to the jury returning a verdict.

## A. Applicable Law and Standard of Review

A decision to reopen evidence is left to the sound discretion of the trial court. *See Doyle v. State*, 24 S.W.3d 598, 601 (Tex. App.—Corpus Christi 2000, pet. denied). However, a trial court must allow testimony to be introduced "at any time before the argument of a cause is concluded, if it appears that it is necessary to a due administration of justice." *See* TEX. CODE CRIM. PROC. ANN. art. 36.02 (West 2007). A trial court's decision to reopen a case should only be made in a "due administration of justice," if the proffered "evidence would materially change the case in proponent's

favor"—that is, the evidence is more than just relevant, it must actually make a difference in the case. *See Peek v. State*, 106 S.W.3d 72, 79 (Tex. Crim. App. 2003).

**B.      Discussion**

After the close of evidence in this case, and immediately prior to the trial court receiving the jury's verdict, appellant's counsel moved to re-open the evidence, or in the alternative, make an offer of proof, based upon information that S.H. approached one of appellant's nieces in the restroom of the courthouse to tell her that "she was sorry for everything and that her mother 'made her do it.'"   The trial court denied appellant's motion, and appellant now argues that such a denial amounts to error and a violation of due process.   We disagree.   The trial court did not allow appellant's proffered evidence because it was requested after argument in the case had concluded and the jury had already reached a verdict.   Accordingly, the trial court's denial did not amount to an abuse of discretion.   *See* TEX. CODE CRIM. PROC. ANN. art. 36.02.   Finally, we express no opinion as to whether this evidence would "materially change" the case in appellant's favor because its proffer was requested too late in the case to require such an analysis.[1] *See Allman v. State*, 164 S.W.3d 717, 721 (Tex. App.—Austin 2005, no pet.) (noting that the *Peek* holding does not require reopening of evidence after argument is concluded). Appellant's second issue is overruled.

---

[1] We further note that appellant was not without recourse following the trial court's denial of his motion to reopen evidence or make an offer of proof based on the purported conversation that took place in the bathroom.   The clerk's record reveals that appellant did not file a post-verdict motion for new trial based on newly discovered evidence, *see* TEX. CODE CRIM. PROC. ANN. art. 40.001 (West 2006).

7

## IV.    CONCLUSION

The trial court's judgment is affirmed.

_____
GINA M. BENAVIDES,
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
3rd day of May, 2012.