Donnie Keith WALL, Appellant,

v.

The STATE of Texas, Appellee.

No. 13–92–493–CR.

Court of Appeals of Texas, Corpus Christi.

June 23, 1994.

---

Lawrence F. Cerf, Houston, for appellant.

Robert E. Bell, Crim. Dist. Atty., Edna, Jim Vollers, Austin, for appellee.

Before KENNEDY, GILBERTO HINOJOSA and FEDERICO G. HINOJOSA, Jr., JJ.

## OPINION

GILBERTO HINOJOSA, Justice.

A jury found appellant guilty of possessing, with intent to deliver, between 200 and 400 grams of anabolic steroids, including adulterants and dilutants. The jury assessed punishment at 35 years in prison. Appellant raises five points of error. We affirm.

By his first point, appellant contends the steroids should have been suppressed because he was illegally arrested and his vehicle searched pursuant to an invalid warrant. We disagree.

Appellant was stopped by D.P.S. Officer Donald Plunkett for a seat belt violation while traveling along U.S. Highway 59 in Jackson County. Appellant initially identified himself as Tom Wall but told Plunkett he had no identification. After appellant produced a car rental agreement, Plunkett again asked appellant his name, and appellant identified himself this time as Milton Dwayne Wall. When Plunkett ran a D.P.S. computer check on this second name and received a description which did not match appellant's physical attributes, appellant produced an expired driver's license with the name Donnie Keith Wall. Plunkett then

learned through a criminal history check that appellant had an extensive criminal history, including a methamphetamine possession charge. This information, apparently along with appellant's attempts to misidentify himself, Plunkett's sighting of what he considered drug-related items in the car, his discovery that appellant had rented the stopped car under a fictitious name, and his belief that appellant was unusually nervous, led Plunkett to ask appellant for permission to search the car. Appellant refused, saying that Texas had become a police state just like Florida. Plunkett then told appellant he was being detained until a search warrant could be obtained.[1] Plunkett testified at the suppression hearing that along with detaining appellant so that a warrant could be obtained, he also arrested appellant for driving without a valid license and for unauthorized use of a motor vehicle. Plunkett had appellant follow him to the Sheriff's office in Edna. There, Plunkett obtained a warrant from a Justice of the Peace to search appellant's car for marihuana or cocaine. Plunkett searched appellant's car and found a variety of pills and liquids which were later determined to contain anabolic steroids.

■ Appellant contends first that the search warrant was invalid because the Justice of the Peace who signed the warrant was not authorized to do so under the Code of Criminal Procedure. Appellant's argument is based on Code of Criminal Procedure articles 18.01, 18.02, and 59.01. Article 18.01(h) provides:

> Except as provided by Subsection (i) of this article,[2] only a judge of a municipal court of record who is an attorney licensed by the state or a judge of a statutory county court, district court, the court of criminal appeals, or the supreme court may issue a warrant under Subdivision (12), Article 18.02, of this code.

TEX.CODE CRIM.PROC.ANN. art. 18.01(h) (Vernon Supp.1994).

Article 18.02, subdivision (12) authorizes search warrants to be issued for "contraband

subject to forfeiture under Chapter 59 of this code." TEX.CODE CRIM.PROC.ANN. art. 18.-02(12) (Vernon Supp.1994). Article 59.01 concerns "Forfeiture of Contraband" and speaks of contraband, in part, as being property of any nature that is used or intended to be used in the commission of felonies under the Controlled Substances Act. TEX.CODE CRIM.PROC.ANN. art. 59.01(2)(B)(i) (Vernon Supp.1994).

Appellant argues that as article 59 refers to felonies under the Controlled Substances Act, the warrant was issued by authority of article 18.02(12), and that by operation of article 18.01(h), the Justice of the Peace (who was not an attorney) was not authorized to issue a search warrant for controlled substances. We disagree.

Appellant's argument that the warrant to search for drugs was authorized under article 18.02(12) fails to consider the Code of Criminal Procedure sections which permit any magistrate to issue a warrant for "drugs kept, prepared, or manufactured in violation of the laws of this state," TEX.CODE CRIM. PROC.ANN. art. 18.02(7) (Vernon Supp.1994). The Code also permits any magistrate to issue a warrant for "any property the possession of which is prohibited by law." TEX. CODE CRIM.PROC.ANN. art. 18.02(8) (Vernon Supp.1994).

A review of Chapter 59 of the Code of Criminal Procedure shows that it deals with the seizure of property used or intended to be used in drug crimes. The chapter addresses forfeiture proceedings and the disposition of forfeited property. "Contraband" under Chapter 59 means property of any nature, including real, personal, tangible, or intangible, that is used or intended to be used in the commission of a felony under the Controlled Substances Act. tex. code crim. proc. art. 59.01(2)(B)(i). The authority to issue search warrants for this type of property is controlled by Code of Criminal Procedure article 18.02(12).

The authority to issue search warrants for illegal drugs is covered explicitly by TEX.

---

1. It is this further detention which appellant contends was illegal.

2. This case does not involve the exception provided by subsection (i), and therefore we need mention it no further.

CODE CRIM.PROC.ANN. art. 18.02(7) (Vernon Supp.1994). *See Mason v. State,* 838 S.W.2d 657, 660 (Tex.App.—Corpus Christi 1992, pet. ref'd); *see also Martin v. State,* 727 S.W.2d 820, 821 (Tex.App.—Fort Worth 1987, no pet.). The warrant in this case was not subject to the restrictions imposed by article 18.01(h). We find the warrant was properly issued.

■ Appellant next argues under this same point of error that he was illegally arrested or detained until the search warrant was issued. We disagree. The record shows that Officer Plunkett took appellant into custody for several reasons. One reason was that appellant did not have a valid driver's license. As the law permits an officer to arrest someone for not having a valid license, appellant's continued detention was legal. *See* TEX.REV.CIV.STAT.ANN. art. 6701d, §§ 107C, 153, (Vernon 1977 & Supp.1994). Furthermore, even if the detention was illegal, it does not follow that the drugs seized from appellant's car should be suppressed. An illegal arrest will not vitiate a conviction unless it leads to the admission of evidence. *Stiggers v. State,* 506 S.W.2d 609, 611 (Tex. Crim.App.1974); *State v. Brady,* 763 S.W.2d 38, 40 (Tex.App.—Corpus Christi 1988, no pet.). In this case, the steroids were seized pursuant to a warrant, and the warrant was obtained with information discovered by Officer Plunkett prior to appellant's continued detention. We ascertain no causal relationship between appellant's continued detention and the issuance of the warrant. Appellant's first point of error is overruled.

■ In his second point, appellant complains that the evidence does not show that adulterants and dilutants, if any, were identified or added to the steroids for the purpose of increasing the bulk or quantity of the steroids. When adulterants and dilutants constitute a part of the weight utilized to increase punishment, as in the present case, the State, *inter alia,* must prove beyond a reasonable doubt that the adulterants and/or dilutants were added to the named illegal substance with the intent to increase the bulk or quantity of the final product. *Cawthon v. State,* 849 S.W.2d 346, 349 (Tex.Crim.App. 1992).

■ In the present case, the State and the defense each presented expert testimony regarding the chemical attributes of the seized substances. The chemists agreed that the substances seized from appellant's car contained steroids, but they disagreed on whether the non-steroid liquid and solid substances in which the steroids were found constituted adulterants or dilutants under the definition set forth in *McGlothlin v. State,* 749 S.W.2d 856, 860 (Tex.Crim.App.1988). The defense expert believed, in short, that the non-steroid portions were carrying agents and were not added with the intent to increase the bulk. The State expert, however, disagreed. He explicitly testified that the non-steroid portions were added with the intent to increase the bulk and did not affect the steroids' chemical activity.

As Judge Overstreet stated in *Cawthon,* "We are jurists, not chemists." *Cawthon,* 849 S.W.2d at 350 (Overstreet, J., dissenting). As jurists, we review the record to determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *See Jackson v. Virginia,* 443 U.S. 307, 309, 99 S.Ct. 2781, 2783–84, 61 L.Ed.2d 560 (1979); *Baugh v. State,* 776 S.W.2d 583, 585 (Tex. Crim.App.1989). We find conflicting evidence from the chemists concerning the character of the non-steroid substance. The State's chemist clearly testified that the non-steroid substances met the definition of adulterants and/or dilutants. The trier of fact is the exclusive judge of the credibility, weight, and balance of testimonial evidence. *See Sharp v. State,* 707 S.W.2d 611, 614 (Tex. Crim.App.1986), *cert. denied,* 488 U.S. 872, 109 S.Ct. 190, 102 L.Ed.2d 159 (1988). In light of the conflicting testimony, we find the evidence sufficient. Point two is overruled.

■ In his third point, appellant contends that the trial court erred by failing to grant a requested charge that would have required the state to identify, as part of its proof, the non-steroid substances, i.e., the adulterants and/or dilutants. Appellant would require the State to identify the precise non-steroid substance. The Court of Criminal Appeals has held:

When adulterants and dilutants constitute a part of the weight utilized to increase the punishment, the State must prove the following beyond a reasonable doubt: (1) the identity of the named illegal substance, (2) that the added remainder (adulterants and/or dilutants) has not affected the chemical activity of the named illegal substance, (3) that the remainder (adulterants and/or dilutants) was added to the named illegal substance with the intent to increase the bulk or quantity of the final product, (4) the weight of the illegal substance, including any adulterants and/or dilutants.

*Thorpe v. State,* 863 S.W.2d 739, 741 (Tex. Crim.App.1993). We have found no authority that the State must precisely identify the adulterants and/or dilutants. As such proof is not required, the trial court did not err in refusing appellant's requested instruction. Appellant's third point is overruled.

By his fourth and fifth points of error, appellant contends that the trial court erred by permitting the State to re-open its case to prove that the non-steroid substances were adulterants and/or dilutants and that any evidence establishing the nature of the non-steroid substances should be stricken from the record or disregarded. We overrule both of these points. The trial court permitted the State to re-open its case after appellant moved for a directed verdict on the basis that the State had not proven the non-steroid substances to be adulterants and/or dilutants as defined by Texas law. The State recalled its chemist, and he testified that the non-steroid substances were added to increase the bulk and did not affect the chemical activity.

We find no error. *See Boatright v. State,* 472 S.W.2d 765, 770 (Tex.Crim.App.1971); *Wolf v. State,* 674 S.W.2d 831, 842 (Tex. App.—Corpus Christi 1984, pet. ref'd). The trial court is permitted to reopen the evidence at "any time before the argument of a cause is concluded, if it appears that it is necessary to a due administration of justice." TEX.CODE CRIM.PROC.ANN. art. 36.02 (Vernon 1981). As in *Boatright* and *Wolf,* the State requested to reopen after the defendant complained that the evidence was insufficient on an element of the offense. *Boatright,* 472

S.W.2d at 770; *Wolf,* 674 S.W.2d at 842. The trial court permitted the State to reopen before the charge was read or the case was argued. The trial court did not err. Appellant's fourth and fifth points are overruled.

The judgment of the trial court is affirmed.