

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

## NO. 2-09-274-CR

KWASI OMARI VANN                                              APPELLANT

V.

THE STATE OF TEXAS                                                  STATE

------------

FROM COUNTY CRIMINAL COURT NO. 1 OF TARRANT COUNTY

------------

## MEMORANDUM OPINION[1]

------------

### I. Introduction

Appellant Kwasi Omari Vann appeals his conviction for misdemeanor driving while intoxicated. He contends in two points that the trial court erred by not ruling on his motion for directed verdict before allowing the State to reopen the evidence and that the evidence is factually insufficient to establish that he was the driver of the automobile. We affirm.

---

[1] See Tex. R. App. P. 47.4.

## II. Background

Rochelle Bylow had been driving on Highway 287 in Fort Worth, Texas, with her friend Renee Johnson when she and Renee saw a car swerve on the road and nearly hit a car and a semi truck. Rochelle called 9-1-1 and was instructed to follow the car. Rochelle identified the car as "light silverish" and "like a police officer car almost." Rochelle had followed the suspect car for about seven miles when the car exited the freeway, went underneath a bridge, turned right, and hit a median. Rochelle then saw someone exit the driver's side of the car and vomit. Rochelle and Renee parked across a field from the suspect car, stayed in place, and watched until the police arrived. They did not see anyone else exit the vehicle while they watched.

Officer Saldivar soon arrived at the scene and saw a red vehicle and a man walking around it. Rochelle and Renee pointed to the man who had exited the car and identified Appellant to Officer Saldivar as the driver. Officer Saldivar noticed as he approached Appellant that Appellant had trouble balancing, that he smelled of alcohol, that he had bloodshot eyes, and that he had vomit on his pants leg. Officer Saldivar administered field sobriety tests and arrested Appellant.

## III. Reopening Evidence for Additional Testimony

Appellant argues in his first point that the trial court erred by not ruling on his motion for directed verdict before allowing the State to reopen the evidence. We disagree.

The decision to reopen is left to the sound discretion of the trial court. *Doyle v. State*, 24 S.W.3d 598, 601 (Tex. App.—Corpus Christi 2000, pet. ref'd). The trial judge has the discretion to reopen a case to introduce additional evidence if that evidence is vital to "due administration of justice." Tex. Code Crim. Proc. Ann. art. 36.02 (Vernon 2007). A trial court's decision to reopen is discretionary even when the motion to reopen was made in response to the defendant's motion for directed verdict. *Boatright v. State*, 472 S.W.2d 765, 770 (Tex. Crim. App. 1971); *Wall v. State*, 878 S.W.2d 686, 690 (Tex. App.—Corpus Christi 1994, pet. ref'd); *Wolf v. State*, 674 S.W.2d 831, 842 (Tex. App.—Corpus Christi 1984, pet. ref'd), *overruled on other grounds*, *Reed v. State*, 744 S.W.2d 112 (Tex. Crim. App. 1988).

Here, Appellant moved for a directed verdict, and the trial court stated, "I will take it under advisement." The State then formally requested to reopen its case under article 36.02 of the code of criminal procedure. The trial court granted the State's request, and the State briefly solicited additional testimony from Officer Hill concerning the witnesses' identifications of Appellant as the driver of the vehicle they had followed after calling 9-1-1.

Appellant offers no argument or citations to authority to support his claim that the trial court's decision to permit the State to reopen its case after Appellant moved for a directed verdict was an abuse of discretion. Further, binding precedent holds contrary to Appellant's contention. *See Ahmad v. State*, 295 S.W.3d 731, 746–47 (Tex. App.—Fort Worth 2009, pet. ref'd) (op. on reh'g) (holding that trial court did not

3

abuse its discretion in reopening evidence to allow State to establish venue following the appellant's objection just before closing arguments); *see also Boatright*, 472 S.W.2d at 770. We therefore overrule Appellant's first point.

### IV. Factual Sufficiency of the Evidence

Appellant contends in his second point that the evidence is factually insufficient to establish that he was the driver of the suspect vehicle. Specifically, Appellant contends that the evidence is factually insufficient because the witnesses described the car as silver and the arresting officer described it as red, because the witnesses did not mention that Appellant was changing a tire, because the arresting officer did not identify the witnesses by name, and because there is no evidence of Appellant's race, height, weight, or other physical attributes.

When reviewing the factual sufficiency of the evidence to support a conviction, we view all the evidence in a neutral light, favoring neither party. *Steadman v. State*, 280 S.W.3d 242, 246 (Tex. Crim. App. 2009); *Watson v. State*, 204 S.W.3d 404, 414 (Tex. Crim. App. 2006). We then ask whether the evidence supporting the conviction, although legally sufficient, is nevertheless so weak that the factfinder's determination is clearly wrong and manifestly unjust or whether conflicting evidence so greatly outweighs the evidence supporting the conviction that the factfinder's determination is manifestly unjust. *Steadman*, 280 S.W.3d at 246; *Watson*, 204 S.W.3d at 414–15, 417. To reverse under the second ground, we must determine, with some objective basis in the record, that the great weight and preponderance of

4

all the evidence, although legally sufficient, contradicts the verdict. *Watson*, 204 S.W.3d at 417.

Unless we conclude that it is necessary to correct manifest injustice, we must give due deference to the factfinder's determinations, "particularly those determinations concerning the weight and credibility of the evidence." *Johnson v. State*, 23 S.W.3d 1, 9 (Tex. Crim. App. 2000); *see Steadman*, 280 S.W.3d at 246. Evidence is always factually sufficient when it preponderates in favor of the conviction. *Steadman*, 280 S.W.3d at 247; *see Watson*, 204 S.W.3d at 417.

Viewing all of the evidence in a neutral light, we recall that Rochelle testified that Appellant's car was "silverish" in color, that no witnesses described Appellant's physical attributes in order to identify him, and that neither Rochelle nor Renee testified that they watched Appellant change a tire on his vehicle while they waited for the police to arrive. However, the jury also heard evidence that Rochelle and Renee personally witnessed Appellant driving erratically, called 9-1-1, were instructed to follow Appellant's car, did follow Appellant's car, watched Appellant exit the freeway, run into a median, and exit his vehicle. The jury also heard testimony that Rochelle and Renee waited for the police from a safe distance, did not leave the scene until after speaking with the investigating officers, and specifically told the officers that Appellant was the person that had been driving the vehicle they had followed.

Viewing the evidence in a neutral light, we conclude a rational trier of fact could have found beyond a reasonable doubt that Appellant was the driver of the suspect vehicle. Therefore, we cannot say that the evidence is so weak that the jury's determination is clearly wrong or manifestly unjust or that the conflicting evidence so greatly outweighs the evidence supporting the conviction that the jury's determination is manifestly unjust. *See Lancon v. State*, 253 S.W.3d 699, 704 (Tex. Crim. App. 2008); *Watson*, 204 S.W.3d at 414–15, 417. Accordingly, we hold that the evidence is factually sufficient to support the jury's verdict, and we overrule Appellant's second point.

## V. Conclusion

Having overruled each of Appellant's points, we affirm the trial court's judgment.

ANNE GARDNER
JUSTICE

PANEL: DAUPHINOT, GARDNER, and WALKER, JJ.

WALKER, J. concurs without opinion.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: August 12, 2010

6