COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                FORT
WORTH

 

 

                                                NO.  2-09-274-CR

 

 

KWASI OMARI VANN                                                                         APPELLANT

 

                                                             V.

 

THE STATE OF TEXAS                                                                             STATE

 

                                                       ------------

 

           FROM
COUNTY CRIMINAL COURT NO. 1 OF TARRANT COUNTY

 

                                                       ------------

 

                                      MEMORANDUM OPINION[1]

 

                                                       ------------

I. 
Introduction

Appellant
Kwasi Omari Vann appeals his conviction for misdemeanor driving while
intoxicated.  He contends in two points
that the trial court erred by not ruling on his motion for directed verdict
before allowing the State to reopen the evidence and that the evidence is
factually insufficient to establish that he was the driver of the automobile.  We affirm.








II. 
Background

Rochelle
Bylow had been driving on Highway 287 in Fort Worth, Texas, with her friend
Renee Johnson when she and Renee saw a car swerve on the road and nearly hit a
car and a semi truck.  Rochelle called
9-1-1 and was instructed to follow the car. 
Rochelle identified the car as Alight
silverish@ and Alike a
police officer car almost.@  Rochelle had followed the suspect car for
about seven miles when the car exited the freeway, went underneath a bridge,
turned right, and hit a median.  Rochelle
then saw someone exit the driver=s side of
the car and vomit.  Rochelle and Renee
parked across a field from the suspect car, stayed in place, and watched until
the police arrived.  They did not see
anyone else exit the vehicle while they watched.

Officer
Saldivar soon arrived at the scene and saw a red vehicle and a man walking
around it.  Rochelle and Renee pointed to
the man who had exited the car and identified Appellant to Officer Saldivar as
the driver.  Officer Saldivar noticed as
he approached Appellant that Appellant had trouble balancing, that he smelled
of alcohol, that he had bloodshot eyes, and that he had vomit on his pants
leg.  Officer Saldivar administered field
sobriety tests and arrested Appellant. 

III. 
Reopening Evidence for Additional Testimony

Appellant
argues in his first point that the trial court erred by not ruling on his
motion for directed verdict before allowing the State to reopen the
evidence.  We disagree.








The
decision to reopen is left to the sound discretion of the trial court.  Doyle v. State, 24 S.W.3d 598, 601 (Tex.
App.CCorpus
Christi 2000, pet. ref=d).  The trial judge has the discretion to reopen
a case to introduce additional evidence if that evidence is vital to Adue
administration of justice.@  Tex. Code Crim. Proc. Ann. art. 36.02 (Vernon
2007).  A trial court=s
decision to reopen is discretionary even when the motion to reopen was made in
response to the defendant=s motion for directed
verdict.  Boatright v. State, 472
S.W.2d 765, 770 (Tex. Crim. App. 1971); Wall v. State, 878 S.W.2d 686,
690 (Tex. App.CCorpus Christi 1994, pet. ref=d); Wolf
v. State, 674 S.W.2d 831, 842 (Tex. App.CCorpus
Christi 1984, pet. ref=d), overruled on other grounds,
Reed v. State, 744 S.W.2d 112 (Tex. Crim. App. 1988).

Here,
Appellant moved for a directed verdict, and the trial court stated, AI will
take it under advisement.@ 
The State then formally requested to reopen its case under article 36.02
of the code of criminal procedure.  The
trial court granted the State=s
request, and the State briefly solicited additional testimony from Officer Hill
concerning the witnesses= identifications of Appellant as
the driver of the vehicle they had followed after calling 9-1-1.








Appellant
offers no argument or citations to authority to support his claim that the
trial court=s decision to permit the State to
reopen its case after Appellant moved for a directed verdict was an abuse of
discretion.  Further, binding precedent
holds contrary to Appellant=s
contention.  See Ahmad v. State,
295 S.W.3d 731, 746B47 (Tex. App.CFort
Worth 2009, pet. ref=d) (op. on reh=g)
(holding that trial court did not abuse its discretion in reopening evidence to
allow State to establish venue following the appellant=s
objection just before closing arguments); see also Boatright, 472 S.W.2d
at 770.  We therefore overrule Appellant=s first
point.

IV.  Factual
Sufficiency of the Evidence

Appellant
contends in his second point that the evidence is factually insufficient to
establish that he was the driver of the suspect vehicle. Specifically,
Appellant contends that the evidence is factually insufficient because the
witnesses described the car as silver and the arresting officer described it as
red, because the witnesses did not mention that Appellant was changing a tire,
because the arresting officer did not identify the witnesses by name, and
because there is no evidence of Appellant=s race,
height, weight, or other physical attributes.








When
reviewing the factual sufficiency of the evidence to support a conviction, we
view all the evidence in a neutral light, favoring neither party.  Steadman v. State, 280 S.W.3d 242, 246
(Tex. Crim. App. 2009); Watson v. State, 204 S.W.3d 404, 414 (Tex. Crim.
App. 2006).  We then ask whether the
evidence supporting the conviction, although legally sufficient, is
nevertheless so weak that the factfinder=s
determination is clearly wrong and manifestly unjust or whether conflicting
evidence so greatly outweighs the evidence supporting the conviction that the
factfinder=s determination is manifestly
unjust.  Steadman, 280 S.W.3d at
246; Watson, 204 S.W.3d at 414B15,
417.  To reverse under the second ground,
we must determine, with some objective basis in the record, that the great
weight and preponderance of all the evidence, although legally sufficient,
contradicts the verdict.  Watson,
204 S.W.3d at 417.

Unless we
conclude that it is necessary to correct manifest injustice, we must give due
deference to the factfinder=s
determinations, Aparticularly those determinations
concerning the weight and credibility of the evidence.@  Johnson v. State, 23 S.W.3d 1, 9 (Tex.
Crim. App. 2000); see Steadman, 280 S.W.3d at 246.  Evidence is always factually sufficient when
it preponderates in favor of the conviction. 
Steadman, 280 S.W.3d at 247; see Watson, 204 S.W.3d at
417.

Viewing
all of the evidence in a neutral light, we recall that Rochelle testified that
Appellant=s car was Asilverish@ in
color, that no witnesses described Appellant=s
physical attributes in order to identify him, and that neither Rochelle nor
Renee testified that they watched Appellant change a tire on his vehicle while
they waited for the police to arrive. 
However, the jury also heard evidence that Rochelle and Renee personally
witnessed Appellant driving erratically, called 9-1-1, were instructed to
follow Appellant=s car, did follow Appellant=s car,
watched Appellant exit the freeway, run into a median, and exit his
vehicle.  The jury also heard testimony
that Rochelle and Renee waited for the police from a safe distance, did not
leave the scene until after speaking with the investigating officers, and
specifically told the officers that Appellant was the person that had been
driving the vehicle they had followed.








Viewing
the evidence in a neutral light, we conclude a rational trier of fact could
have found beyond a reasonable doubt that Appellant was the driver of the
suspect vehicle.  Therefore, we cannot
say that the evidence is so weak that the jury=s
determination is clearly wrong or manifestly unjust or that the conflicting
evidence so greatly outweighs the evidence supporting the conviction that the
jury=s
determination is manifestly unjust.  See
Lancon v. State, 253 S.W.3d 699, 704 (Tex. Crim. App. 2008); Watson,
204 S.W.3d at 414B15, 417.  Accordingly, we hold that the evidence is
factually sufficient to support the jury=s
verdict, and we overrule Appellant=s second
point.

V. 
Conclusion

Having
overruled each of Appellant=s points,
we affirm the trial court=s judgment.     

 

 

ANNE GARDNER

JUSTICE

 

PANEL:  DAUPHINOT, GARDNER, and
WALKER, JJ.

 

WALKER, J. concurs without opinion.

 

DO NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED:  August 12, 2010











[1]See Tex. R. App. P. 47.4.